Robert Owen HALE, Appellant,

v.

ADVANCE ABRASIVES COMPANY et al., Respondents.

No. KCD 26758.

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Theodore M. Kranitz, Kranitz & Kranitz, Wendell J. Koerner, Jr., Brown, Douglas & Brown, St. Joseph, for appellant.

Joseph A. Sherman, Robert K. Ball II, Jackson & Sherman, Kansas City, for respondents.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for personal injuries sustained by Robert Owen Hale when a grinding wheel he was using in his employment exploded.

Hale sued the manufacturer of the grinding wheel, Advance Abrasives Company, and E. T. Scahill Co., Inc., the sales agent through which the employer, St. Joseph Structural Steel Co., purchased the wheel. The petition sought damages of $100,000. A jury returned a verdict for both defendants. After his motion for new trial had been overruled, plaintiff appealed.

Appellant Hale was employed by St. Joseph Structural Steel Co. in January, 1970, primarily as a spray painter. He did other work for St. Joseph when not working as a painter, including operation of grinding equipment. He had experience in such work before his employment at St. Joseph. On March 4, 1970, at around 4:00 P.M., his foreman told him to use a grinder on a concrete form. Hale went to the form to use the machine lying there which had been used by another employee earlier in the day.

The grinder power unit was an Aro pneumatic hand tool, operated off an air line supplied by compressors elsewhere in the plant. The grinder wheel was a "Sparky A–27 Type," manufactured by Advance Abrasives Company. St. Joseph had ordered the wheel along with others through E. T. Scahill Co., Inc. Advance had shipped the wheel directly to St. Joseph.

Appellant described the incident which resulted in his injury as follows: "I turned it on. [When I turned it on], it seemed to me like it vibrated or something. Anyway, it didn't act like it was right, so I reached to shut it off and at that time it was too late. The darn thing just flew apart. It seemed like for some reason the whole thing was vibrating or going fast or something. I realized it wasn't working right, so I reached to shut it off but by that time it already exploded and hit me in the knee, but I did shut it off." In the current posture of the case, the nature of the injuries is not important.

On March 23, 1970, the incident involving Mr. Hale was discussed in a telephone

conversation between Mr. Everett L. Thomas, St. Joseph purchasing agent, and Mr. Naseem Akhter Ansari, president of Advance which was located in Minneapolis. According to Thomas, Ansari said that his company had received a batch of "bad" cryolite, a basic filler material used in manufacturing grinding wheels. According to Thomas, Ansari "seemed to lay [the trouble with the wheels] on that."

Appellant's petition for damages for personal injury sounded in strict liability for tort. It alleged that the grinding wheel sold by defendants was defective and dangerous when put to the use to which defendants reasonably anticipated it would be put. The case was submitted to the jury on that theory, the verdict-directing instruction against each defendant being in the form of MAI No. 25.04. A "contributory fault" instruction was offered and given on behalf of defendants. The jury returned a verdict in favor of both defendants. Plaintiff's motion for new trial was overruled and he appealed.

In this court, appellant attacks the correctness of the contributory fault instruction. Respondents defend that instruction, but also contend that plaintiff made no submissible case, so that any error in the attacked instruction could not have been prejudicial.

Respondents first contend that appellant failed to prove that there was a defect in the grinding wheel when it was manufactured which caused it to disintegrate.

The remnants of the wheel involved were produced in evidence, but there was no direct evidence of the defect which appellant claimed caused it to disintegrate. The appellant's evidence was aimed to show circumstantially that the bad cryolite was the defect involved. Respondents here argue that appellant's own testimony showed that the speed of the grinder caused its disintegration. Appellant and his witnesses acknowledged that excessive speed of operation could cause a grinding wheel to disintegrate. Respondents point to appellant's testimony that the tool was "going fast" and appellant's acknowledgment that the man who had used the tool before appellant told him, before and after the incident, that the tool was running fast. Appellant's witness, Mr. West, vice-president of St. Joseph in charge of production, testified that he tested the tool following the accident and checked its speed. He testified that the highest speed shown by his test was 6100 R.P.M. The wheel which disintegrated was rated for a maximum speed of either 6000 or 6600 R.P.M.

█ There is, of course, no prohibition against the proof by circumstantial evidence of a defect upon which to base a case of strict liability in tort. However, when a plaintiff relies upon such proof, he does have the burden of establishing circumstances from which the facts necessary to prove his claim may be inferred, without resort to conjecture and speculation and the circumstances proved must point reasonably to the desired conclusion and tend to exclude any other reasonable conclusion. Akers v. Lever Brothers Company, 432 S. W.2d 200, 203[2] (Mo.1968); Titone v. Teis Construction Company, 426 S.W.2d 665, 669 (Mo.App.1968); Hogue v. Wurdack, 298 S.W.2d 492, 498 (Mo.App.1957).

The difficulty with plaintiff's claim here is that the plaintiff's own testimony pointed to a cause of the disintegration of the wheel which was unrelated to the cause otherwise attempted to be shown of a defect in the manufacture of the wheel. According to plaintiff's own testimony, he immediately recognized that the tool to which the wheel was attached was not operating properly when he turned it on, and he promptly shut if off, but was too late to avoid the disintegration of the wheel. According to plaintiff, the defects in the operation consisted of a "wobble" and "going fast." An effort was made by plaintiff to connect the "wobble" with a defective spin-

dle furnished by Advance with the wheel, but no such proof was adduced and the cause of the "wobble" is purely a matter of conjecture and speculation.

Plaintiff candidly acknowledged that he had been told, before he started using the tool, that it was running fast and his own observation confirmed that fact. The subsequent tests did not confirm plaintiff's observation, but they were not made under the same conditions as plaintiff's operation and therefore cannot be said to negate plaintiff's actual operation of the tool in his own hands.

■ In these circumstances, plaintiff has presented evidence from which it might have been deduced that the wheel disintegrated because of the bad cryolite used in its manufacture. However, he has also produced evidence from which it might have been deduced that the wheel disintegrated because of a malfunction of the grinder tool, a cause for which the respondents here would not have been responsible.

■ Which of these factors caused the disintegration of the wheel would, under the evidence in this case, necessarily have been a matter of conjecture and speculation. Evidence which points equally to a cause for which the defendants are responsible and to one for which the defendants are not responsible is not sufficient to make a case for submission to a jury. Bowers v. Columbia Terminals Co., 213 S. W.2d 663, 670[9, 10] (Mo.App.1948); Farnham v. Boone, 431 S.W.2d 154, 156 [2, 3] (Mo.1968).

■ In view of the conclusion that no submissible case was made below, the alleged error in defendant's instruction need not be considered. Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 247 [9] (1955).

Judgment affirmed.

All concur.