Ida Bell **PURDY** and John K. Purdy, Plaintiffs-Appellants,

v.

Joyce Arlene **FOREMAN**, Defendant-Respondent.

No. 9772.

Missouri Court of Appeals, Springfield District.

Feb. 23, 1977.

Horace S. Haseltine, Arthur S. Haseltine, Haseltine & Haseltine, Springfield, Dan K. Purdy, Osceola, for plaintiffs-appellants.

F. William Joyner, Miller, Fairman, Sanford & Carr, Springfield, Mayte B. Hardie, Ozark, for defendant-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

This case arose out of a collision which occurred about 4:30 p. m. on July 6, 1970, in the intersection of Benton Avenue and Central Street in the City of Springfield, Missouri. Benton Avenue is 44 feet wide and runs north and south. Central Street is also 44 feet wide and runs east and west. Plaintiff Ida Bell Purdy was driving south on Benton Avenue in a funeral procession; defendant Foreman was driving east on Central. Defendant's vehicle struck the plaintiffs' automobile broadside in the southwest quadrant of the intersection. Plaintiffs Ida Bell and John Purdy brought this action in three counts seeking recovery for a) Ida Bell's personal injuries; b) John's loss of consortium and medical expense, and c) their joint property damage. Plaintiffs' causes were submitted to a jury disjunctively upon 1) defendant's negligent failure to keep a lookout or 2) defendant's negligent failure to stop after danger of collision became apparent, and 3) upon plaintiff Ida Bell's contributorily negligent failure to obey a traffic control signal. By unanimous verdict the jury found all issues tendered in favor of the defendant. Plaintiffs appeal.

The appeal turns upon the proper interpretation of one, or possibly several, ordi-

nances enacted by the City of Springfield. Plaintiffs' second amended petition contained nine specifications of negligence, one of which read:

"3(e). [That defendant carelessly and negligently failed] to yield the right-of-way to motor vehicles in a funeral procession in violation of the Springfield City Code, Motor Vehicles and Traffic, Section 22.77 et Seq. which provides, inter alia, 'no person shall drive a vehicle between the vehicles comprising a funeral procession or other authorized procession while they are in motion and when such vehicles are designated as required in this chapter'."

By pretrial motion defendant moved to strike paragraph 3(e) of plaintiffs' petition because "the Section of the Springfield City Code which is quoted therein . . . is unconstitutional because it is contrary to the State Statutes of the State of Missouri." Prior to trial, and without specifying its grounds, the trial court struck paragraph 3(e) of plaintiffs' petition. Defendant's answer, we note, specifically denies each and every allegation contained in paragraph 3(e) of the petition. Trial of the cause began on March 18, 1974. In proceedings out of the jury's hearing, plaintiffs' counsel stated to the trial court that plaintiffs still believed "the ordinance" was "in this case" and requested permission to refer to the ordinance on voir dire and in opening statement and requested permission to "prove up" the ordinance. Defendant objected and the request was denied. Plaintiffs' counsel then asked if it were necessary to offer the ordinance and the trial court stated he did not consider it necessary. No ordinance enacted by the City of Springfield appears in the record; *parts* of one or several ordinances are quoted or pleaded.

■ The parties have expended considerable effort developing the issues they conceive to be controlling. Plaintiffs have meticulously briefed their argument that the enactment of Chapter 22 of the Springfield City Code is a valid exercise of the legislative authority vested in the City of Springfield by its constitutional charter; defendant has devoted as much effort developing the contrary. The issues presented are, in point of fact, more limited than the parties seem to believe. True, the defendant moved to strike paragraph 3(e) of plaintiffs' petition upon the broad ground that the quoted ordinance was "unconstitutional", but it is not necessary to look to, much less construe, Mo.Const. Art. VI, § 19(a) (as amended), to determine the validity of that purported section of Springfield's ordinance; Springfield's charter provisions, which we must notice judicially, *State ex rel. Voss v. Davis*, 418 S.W.2d 163, 172 (Mo.1967), permit the city to adopt safety and other similar regulations "not in conflict with general laws". Charter of the City of Springfield, Missouri, § 2.16, para. 4. Moreover, there is no record basis for the assumption that the trial court ruled defendant's motion to strike on constitutional grounds; it may instead have based its ruling on an interpretation of the ordinance, and because the record does not indicate whether the trial court struck paragraph 3(e) on the ground of constitutional conflict or upon the conclusion that the quoted section did not regulate the right-of-way as between these litigants, we must infer that a ruling upon any constitutional question presented by defendant's motion to strike has been avoided. *Motchar v. Hollingsworth*, 162 S.W.2d 805, 806–807 [1] (Mo. 1942); *Juengel v. City of Glendale*, 161 S.W.2d 408, 409–410 [4] (Mo.1942); 1964 Wash.U.L.Q. 462, § 1.022(b).

■ Reduced to essentials, the substantive question presented in this case is whether the Springfield ordinance, partially pleaded and quoted, creates an actionable right in plaintiffs, and on the record before us, we simply cannot decide that question with any reasonable degree of confidence in the fairness and accuracy of the result. Subject to exceptions not material here, municipal ordinances are not judicially noticed by the courts of this state; their existence and contents must be proved. *City of*

*St. Louis v. Roche,* 128 Mo. 541, 544–545, 31 S.W. 915, 916 (1895); *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123, 127 [4] (Mo.App.1975). In this case there was neither any attempt to offer or prove the whole ordinance as provided by § 82.200, RSMo 1969, V.A.M.S., nor have the plaintiffs set out the ordinance in full in their brief. Plaintiffs assert that the ordinance gave them the right-of-way regardless of the condition of the otherwise controlling signals. However, before we could confidently say that plaintiffs' presence in a funeral procession gave them the right-of-way, and that defendant's failure to yield constituted actionable negligence, it would be necessary, in our opinion, to examine the quoted part of the ordinance in context. Before it can be held that the violation of a statute or ordinance constitutes actionable negligence, it must appear that 1) there was in fact a violation of the ordinance; 2) the injured party was within the class of persons intended to be protected by the ordinance; 3) the injury complained of was of such character as the statute or ordinance was designed to prevent, and 4) the violation was the proximate cause of the injury. *Endicott v. St. Regis Investment Co.,* 443 S.W.2d 122, 125–126 (Mo.1969); *Sayers v. Haushalter,* 493 S.W.2d 406, 409 [6] (Mo. App.1973). We are convinced here that without examining the whole "traffic code", to which both parties refer, we cannot say that plaintiffs' injury and damage are of the character the ordinance was designed to prevent. We do not even know judicially, on the record before us, that the ordinance is a penal ordinance. Certainly we cannot convict the trial court of error in striking out paragraph 3(e) of plaintiffs' amended petition or in refusing to permit counsel to read it to the jury.

■ We would not have the plaintiffs believe they have been unduly imposed on because of the niceties of the law of evidence, or because they followed the court's suggestion (which does not change the law) that proof of the ordinance was unnecessary. Although it is not necessary to our

ruling in this case, we may say that we have examined similar "funeral procession" statutes and ordinances from other jurisdictions, and find they have *not* been construed to give funeral processions the unqualified right-of-way at signal-controlled intersections. See, e. g., *Guidry v. Como,* 332 So.2d 579, 581 (La.App.1976); *Merkling v. Ford Motor Co.,* 251 App.Div. 89, 296 N.Y.S. 393, 400–401 [11–12] (1937); *Przybyszewski v. Nunes,* 168 Pa.Super. 311, 77 A.2d 703, 705–706 (1951). As the New York court observed, it is difficult to find any good reason why a funeral procession should be given license to violate an adverse signal. No haste is required when a funeral procession is passing; no emergency exists. On the other hand, neglect to heed a proper signal is the cause of a good many accidents, and surely the aim of traffic ordinances is to prevent, not increase accidents. So, while we cannot, for the reasons stated, so hold, it would appear that the quoted section of the "traffic code" does not have the effect contended for by the plaintiffs. The trial court may well have construed the ordinance as we have, i. e., as having nothing to do with the right-of-way in the present circumstances; if so, there was no error because it is immaterial on what grounds the trial court purported to rule if it ruled correctly. *Spiking School Dist. No. 71, DeKalb County v. Purported "Enlarged School Dist. R–II, DeKalb County, Mo.",* 362 Mo. 848, 859, 245 S.W.2d 13, 16–17 [2] (banc 1952); *Missouri Electric Power Co. v. City of Mountain Grove,* 352 Mo. 262, 269, 176 S.W.2d 612, 616 [10] (1944).

Plaintiffs have briefed an additional point involving the same issues. The assert that the trial court erred in giving Instruction No. 7, which advised the jury that their verdict must be for defendant on the claims of both plaintiffs if the jury found: 1) that plaintiff Ida Bell Purdy violated the traffic signal; 2) that such conduct directly caused or directly contributed to cause any damage plaintiffs might have sustained. The principal complaint made of this instruction is that it ignores plaintiffs' "right" to be in the intersection as a participant in the fu-

neral procession. For the reasons stated and restated, we cannot, upon this record, rule this point.

Plaintiffs' final point is so diffusely presented as to be difficult to follow. The essential issue tried was, simply, who had the green light at the intersection? There was substantial evidence that Mrs. Purdy entered the intersection on a red light or upon an amber light preceding a red light; defendant and her sister Twila testified that the light was green for defendant as she entered the intersection. A jury resolved this issue for the defendant, even though the plaintiffs' injuries and damage were extensive.

Plaintiffs sought a new trial upon the ground, among others, that evidence procured by them (an affidavit) after trial shows it was physically impossible for defendant to have entered the intersection on a green light. We doubt that in any event the plaintiffs were entitled to a new trial upon the ground asserted; the affiant was at all times available to plaintiffs at the trial because he was subpoenaed and testified at the trial and no good reason appears excusing plaintiffs from eliciting the facts they now seek to present at the time the case was tried. See *Gehner v. McPherson*, 430 S.W.2d 312, 316 (Mo.App.1968).

Granting, however, that testimony the affiant would produce would support counsel's involved analysis of the facts and indicate that defendant's version of the facts was inherently impossible, it does not follow that the trial court abused its discretion in failing to grant plaintiffs a new trial on that ground. There was other evidence, unobjected to, which was identical to defendant's testimony, specifically, the testimony of defendant's sister Twila. In view of the fact that the plaintiffs had the burden to persuade the jury, and because upon this record the jury may have reached its verdict because it did not believe plaintiffs' witnesses, and because it was for the trial court alone to say whether the verdict was against the weight of the evidence, we cannot in the circumstances convict the trial

court of error in denying plaintiffs' motion for new trial upon the ground that defendant's version of the facts was inherently impossible. *Clark v. McKeone*, 234 S.W.2d 574, 576 [2–5] (Mo.1950).

We find no error materially affecting the merits of the action in any respect briefed or argued here; accordingly the judgment is in all respects affirmed.

All concur.