**Early B. WILLIAMS and Nola Canada, Plaintiffs-Respondents,**

v.

**Mel NUCKOLLS, Individually and d/b/a Mel Nuckolls Auto Sales, Defendant-Appellant.**

**No. 45231.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 28, 1982.

---

Robert M. Hibbits, Florissant, for defendant-appellant.

Richard L. Geissal, Clayton, Ben Weinberger, St. Louis, for plaintiffs-respondents.

GAERTNER, Judge.

This is an appeal from the judgment entered in favor of respondents (plaintiffs) Early Williams and Nola Canada and against appellant (defendant) Mel Nuckolls for actual and punitive damages in a jury-waived trial de novo.

On January 14, 1980, Williams paid $300 for a 1970 Chevrolet two door automobile.[1]

---

1. The bill of sale and the application for Missouri title and license reflect a $200 purchase price. Williams testified he actually paid $300

The unidentified salesman gave him a bill of sale and a notarized title application form together with possession of the automobile on that date. The bill of sale consists of a printed form with the blanks fully filled in, stamped at the top "Mel Nuckolls Auto Sales." Both forms show the mileage on the Chevrolet to have been 92,496 miles. The bill of sale contains the following: "This Car Sold AS IS: The purchaser understands and agrees that no warranty, express or implied of the motor vehicle is made by this company or any of its employees." Above the appellant's signature on the bill of sale is printed "I understand the motor vehicle described is sold 'AS IS', without warranty as to condition or otherwise." Written in ink across the face of the printed form in script appear the words, "Paid in Full" and printed in ink below that, in one inch high letters, "SOLD AS IS."

Williams testified that he drove the car home, a distance of one mile. The next day he drove the car to get gas, to a store, to his uncle's house, and then drove his cousin around—a total of four miles, "give or take." This sojourn came to an unfortunate conclusion when the brakes failed. The brake pedal went all the way to the floor but the car did not stop until it had struck the parked automobile of plaintiff Canada and the concrete retaining wall on her property.

"In this court-tried case, this court must affirm unless the judgment below is not supported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously declares the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Moreover, the judgment must be affirmed if it is sustainable on any theory set forth on the pleadings or supported by the evidence. *May Department Stores Company v. County of St. Louis,* 607 S.W.2d 857, 869 (Mo.App. 1980)." [2]

*Oldham's Farm Sausage Company v. Salco, Inc.,* 633 S.W.2d 177, 180 (Mo.App. 1982).

Plaintiff's petition, while not as precise as it may have been had the case originated under Circuit Court Rules, seems to contain four possible theories of recovery: (1) violation of § 417.200,[3] the Fictitious Name Act; (2) violation of § 307.380, the Motor Vehicle Inspection Law; (3) negligence in selling a motor vehicle in a dangerous and defective condition of which defendant knew or should have known; and (4) strict liability in tort for selling the motor vehicle in a dangerous and defective condition. We find the evidence to be insufficient to support a recovery on any of these theories.

■■■ Section 417.200 prohibits the transaction of business under a fictitious name, which is defined as being "other than the true name of such person." There is no violation of this statute when Mel Nuckolls does business under the name of Mel Nuckolls Auto Sales. Even if there were a violation of the statute, such violation could in no way be causally related to an automobile collision resulting from a brake failure.

■■■ Section 307.380(1) requires a motor vehicle to be inspected prior to the sale thereof and an appropriate new certificate of inspection and approval obtained. Williams testified that Mel Nuckolls had admitted at an earlier trial that the car had not been inspected and that no inspection sticker was affixed to the windshield. While this is sufficient evidence to establish a violation of the statute, there is a complete absence of evidence even tending to show a causal connection between such violation and the subsequent brake failure. Assuming, arguendo, that a failure to comply with the inspection statute could constitute ac-

---

and the lesser figure was used in the documents "for tax purposes."

2. Appellant urges reversal because of the failure of the trial court to make findings of fact and conclusions of law in response to his re-

quest under Supreme Court Rule 73.01(a)(2). In view of our disposition of this case, we do not reach that point.

3. All statutory references are to RSMo 1978.

tionable negligence,[4] a plaintiff must also prove that a discoverable defect existed at the time the inspection should have been made. If no defect existed at that time, or if the nature of the alleged defect was such that it was not discernible during an inspection made pursuant to the standards and procedures prescribed by the Missouri State Highway Patrol Superintendent under § 307.360(2), then the failure to inspect cannot be said to have caused or contributed to the subsequent accident. Here, there is no evidence as to the nature and extent of the inspection required for certification. There is no evidence as to the nature of the alleged defect which caused the brakes to fail. The only evidence is plaintiff's testimony that, after several trips in which he apparently experienced no problem, when he applied the brakes on one occasion the pedal went all the way to the floor and no braking resulted. Such testimony leads more to an inference of a sudden bursting of a brake fluid line or cylinder than to a pre-existing defect susceptible of visualization upon inspection or discernment by testing. Considering the fact that a 10 year old used car with 92,496 miles is involved, the inference of sudden failure as opposed to pre-existing discernible defect is even more compelling.

"But "[t]he existence of a defect may be inferred from circumstantial evidence with or without the aid of expert opinion evidence." *Winters v. Sears Roebuck and Co.,* 554 S.W.2d 565, 569[5] (Mo.App.1977). "However, when a plaintiff relies upon such proof, he does have the burden of establishing circumstances from which the facts necessary to prove his claim may be inferred, without resort to conjecture and speculation and the circumstances proved must point reasonably to the desired conclusion and tend to exclude any other reasonable conclusion." *Hale v. Advance Abrasives Company,* 520 S.W.2d 656, 658 (Mo.App.1975)."

4. Before it can be held that violation of a statute constitutes actionable negligence, it must appear that there was in fact a violation of the statute, the injured party was within the class of persons intended to be protected by the statute, the injury complained of was of such

*Weatherford v. H.K. Porter, Inc.,* 560 S.W.2d 31, 34 (Mo.App.1977). *See also Shepard v. Ford Motor Company,* 457 S.W.2d 255, 259 (Mo.App.1970).

Here, the evidence does not tend to exclude reasonable conclusions other than the existence of a defect at the time of the sale. Under the circumstances of this case, which include the age and mileage of the automobile plus the suddenness of the brake failure, resort to speculation and conjecture would be required to determine both the existence and the discoverability at the time of sale of whatever defective condition may have caused the brake failure. "Evidence which points equally to a cause for which the defendants are responsible and to one for which the defendants are not responsible is not sufficient to make a case for submission to a jury." *Hale v. Advance Abrasives Company,* 520 S.W.2d 656, 659 (Mo.App.1975).

What has been said heretofore is equally applicable, and equally fatal, to the construction of the pleadings as alleging negligence and strict liability in tort. Appellant did not testify nor introduce any evidence. Respondent's evidence dealt only with the events surrounding the purchase of the car and the accident. There was no testimony regarding the length of time the automobile had been in appellant's possession prior to the sale, what he may have done with the vehicle during that time, or what he may have been told about the vehicle by its prior owner. There is a total lack of evidence to support the allegation that appellant knew of the existence of a defect in the braking system of the car. Nor is there any evidence tending to show that he should have possessed such knowledge.

The allegations of the petition charging the appellant with negligence in

character as the statute was designed to prevent, and the violation was the proximate cause of the injury. *Hartenbach v. Johnson,* 628 S.W.2d 684 (Mo.App.1982); *Purdy v. Foreman,* 547 S.W.2d 889 (Mo.App.1977).

failing to discover a defect before sale, per force alleged the sale of a defective product. We, therefore, consider the sufficiency of the evidence to support a claim under the doctrine of strict liability in tort.[5] Section 402(a) of the Restatement (Second) of Torts imposes liability upon one who sells a product in a defective condition. This court has held that under § 402(a) there is no need to prove actual or constructive knowledge on the part of the seller of the existence of the defect. *Racer v. Utterman,* 629 S.W.2d 387, 395 (Mo.App.1981). However, it remains an essential element to the application of § 402(a) that there be proof the injury-causing defect existed at the time the product left the seller's hands. *Weatherford v. H.K. Porter, Inc.,* 560 S.W.2d 31, 33 (Mo. App.1977). As demonstrated above, whether the brake failure was caused by a defect existing at the time of sale to plaintiff Williams or by sudden failure due to age is a matter of speculation and conjecture. *See, e.g., Browning Ferris Inc., Etc. v. Baden Tire Center,* 536 S.W.2d 203, 205 (Mo. App.1976). Respondents failed to sustain their burden of proving by substantial evidence any of the theories of recovery alleged in their petitions.

Other alleged trial errors asserted by appellant need not be considered. The judgment is reversed.

SMITH, P.J., and CRANDALL, J., concur.

---

5. Because of the absence of evidence to support a finding of the existence of a defect at the time the automobile left the seller's hands, we do not reach the controversial question of the applicability of § 402(a) to the sale of used cars.