Bernard KEIFER, et al.,
Plaintiffs-Appellants,

v.

ST. JUDE'S CHILDREN'S RESEARCH
HOSPITAL, et al.,
Defendants-Respondents.

No. 12698.

Missouri Court of Appeals,
Southern District,
Division Three.

June 1, 1983.

Motion for Rehearing or Transfer
Denied June 22, 1983.

Application to Transfer Denied
Aug. 16, 1983.

James R. Robison, Sikeston, for plaintiffs-appellants.

G. Weber Gilmore, Sr., Gilmore, Gilmore, Taylor & Burns, Sikeston, for defendants-respondents.

GREENE, Chief Judge.

On June 30, 1980, Frank Kiefer died. On July 2, 1980, his purported will, dated August 5, 1976, was admitted to probate. Letters Testamentary were issued to Edward E. Calvin as executor of Kiefer's estate.

In his will, Kiefer left his entire estate to St. Jude's Children's Research Hospital. On August 14, 1980, the children of Frank Kiefer (contestants) filed a petition to contest the will, alleging a lack of testamentary capacity on the part of Kiefer. The case was jury-tried. The jury returned a verdict

finding the document dated August 5, 1976, and admitted to probate, was not the last will and testament of Frank Kiefer. St. Jude's and Calvin (proponents) filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court overruled the motion for judgment notwithstanding the verdict, but sustained the motion for new trial.

In its order, the trial court stated it erred in giving Instruction No. 4 tendered by contestants. Contestants appealed. They admitted the instruction in question was erroneous, but contended the error was harmless. Proponents appealed the overruling of its motion for judgment notwithstanding the jury verdict, claiming that contestants failed to make a submissible case. That appeal was dismissed on this court's own motion as an attempt to appeal from a non-appealable order. *Morris v. Patterson,* 549 S.W.2d 613 (Mo.App.1977).

Contestants' sole point relied on is that the trial court erred in sustaining proponents' motion for new trial because of an instructional error. In our review of this point, we are mindful that appellate courts should be more liberal in upholding the trial court's sustaining a motion for new trial than in denying one. *Stewart v. City of Marshfield,* 431 S.W.2d 819, 825 (Mo.App. 1968).

■ The instruction complained of here is Instruction No. 4 (burden of proof). As submitted, it reads:

"The burden is upon defendants, the proponents, to cause you to believe that the document dated August 5, 1976 is the last will and testament of Frank Kiefer.

The burden is upon plaintiffs, contestants, to cause you to believe their claim that Frank Kiefer was not of sound and disposing mind and memory.

In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence.

If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition."

The instruction was submitted by contestants and is their version of MAI 3.03 (1981 Revision), which is the burden of proof instruction to be used in will contest cases. As written in the instruction form book, the second paragraph reads:

"The burden is upon plaintiff, contestant, to cause you to believe (here insert the affirmative defense raised such as 'his claim of undue influence as submitted in Instruction Number ____')."

Notes on Use 1 states that this paragraph should be omitted if no affirmative defense, such as undue influence, is submitted. There was no affirmative defense pleaded or proved in this case. In addition, paragraph two of the submitted instruction put the burden of proof on contestants to show that the decedent was of unsound mind. This was error. The burden of proof is upon the proponents of a will to show that the document was the last will and testament of the decedent, and that, at the time of signing, decedent was of sound and disposing mind and memory. This burden never shifts [*Brug v. Manufacturers Bank & Trust Co.,* 461 S.W.2d 269, 276 (Mo. banc 1970)], although, after proponents have made a prima facie case, contestants must come forward with substantial evidence that the testator lacked the mental capacity to execute the will if they are to prevail. *Dixon v. Fillmore Cemetary,* 608 S.W.2d 84, 89 (Mo.App.1980).

■ The trial court, in its order, specifically recognized the deficiencies and errors in the submitted instruction. Any deviation from a mandated Missouri approved instruction, or from the notes on use on such instruction, is presumptive prejudicial error, and the party offering such instruction has the burden of convincing the court that the error was harmless. *Murphy v. Land,* 420 S.W.2d 505, 507 (Mo.1967).

Contestants agree that the instruction was erroneous, as so stated by the trial court, but contend that the error was harmless. They contend that the burden of proof instruction cast a greater burden of proof on them than they were required to meet, and under such circumstances, the error was harmless.

The prejudicial effect of an erroneous instruction must be judicially determined [Rule 70.02(c), V.A.M.R.], and in making such a determination, the test is whether the challenged instruction placed a greater burden on the party submitting it than would the applicable instruction. *McDowell v. Schuette,* 610 S.W.2d 29, 38 (Mo.App.1980). The instruction questioned here required contestants to assume a greater burden of proof than that required by law. If anyone was injured by the giving of the instruction, it was contestants, not the proponents. The error was harmless. The order of the trial court sustaining proponents' motion for new trial was prejudicially erroneous.

The cause is remanded to the trial court with directions to set aside its order of March 25, 1982, granting defendants (proponents) a new trial, and to enter judgment for plaintiffs (contestants) in accordance with the jury verdict.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.