**Mildred HANTEN, et al.,**
**Plaintiffs-Respondents,**

v.

**R.E. JACOBS, et al.,**
**Defendants-Appellants.**

Nos. 48337, 48318.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied
Feb. 26, 1985.

---

Ernest L. Keathley, St. Louis, for defend-
ants-appellants.

John Gerard Enright, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

Plaintiff-respondent Mildred Hanten, a business invitee, sued defendants as owners and operators of a shopping mall for personal injuries sustained in a fall on defendants' property. Co-plaintiff John Hanten made a derivative loss of consortium claim in Count II. After a verdict for defendants the trial court granted plaintiffs a new trial on the ground that defendants' contributory negligence instructions were a prejudicial deviation from MAI 32.-01(1). Defendants appeal that order.

Plaintiffs' cross-appeal contests a pretrial dismissal of Count III for failure to state a cause of action. Count III attempts to state a civil cause of action by alleging that the individual defendants intentionally, illegally and maliciously did business in the ownership and operation of the shopping mall without registering their true identity and location as required by the registration of fictitious name statutes. *See* §§ 417.-200–.230, RSMo.1978.

## DEFENDANTS' APPEAL FROM ORDER GRANTING NEW TRIAL

The trial court submitted the following verdict director instruction for plaintiff and contributory negligence instructions for defendant:

### INSTRUCTION NO. 8 [MAI 22.03]

Your verdict must be for plaintiff Mildred Hanten if you believe:

First, there was a part of the base of the fountain which projected outwardly from the fountain on the floor of the defendants' shopping center, and as a result the floor was not reasonably safe for customers, and

Second, Plaintiff Mildred Hanten did not know and *by using ordinary care could not have known* of this condition, and

Third, defendants knew or by using ordinary care could have known of this condition, and

Fourth, defendants failed to use ordinary care to remove it, barricade it, or warn of it, and

Fifth, as a direct result of such failure, plaintiff was injured, unless you believe Plaintiff Mildred Hanten is not entitled to recover by reason of Instruction No. 9.

### INSTRUCTION NO. 9 [See MAI 32.01(1)]

Your verdict must be for Defendants on Plaintiff Mildred Hanten's claim for damages if you believe:

First, Plaintiff Mildred Hanten failed to keep a careful lookout, and

Second, Plaintiff Mildred Hanten thereby *failed to use ordinary care,* and

Third, such failure of Plaintiff Mildred Hanten directly caused or directly contributed to cause any damage Plaintiff Mildred Hanten may have sustained.

(emphasis added). Instructions 12 and 13 relating to the husband's claims are similar. Plaintiffs offered Instructions 8 and 12 raising the issue of defendants' "ordinary care." Defendants-appellants submitted Instructions 9 and 13 adopting in the second paragraph the same language. The court submitted Instruction 4, MAI 11.05, the MAI definition of "ordinary care." Negligence was not mentioned in any instructions and was not defined by separate instruction.

Defendants contend that there is no MAI contributory negligence instruction for landowner-business invitee cases and cite *Helfrick v. Taylor,* 440 S.W.2d 940, 944 (Mo.1969). That was a landlord-tenant case and the court there said the contributory negligence instruction should be a modification of the general contributory negligence instruction which is now MAI 32.-01(1)(2)(3).

At issue here is whether a new trial should have been granted when "ordinary care" was used in the contributory negligence instructions instead of the approved language of MAI 32.01(1), "was thereby negligent."

The trial court ruled that MAI 32.01(1) is applicable and is a mandatory instruction in a landowner-business invitee case. If so, any deviation is presumed prejudicial. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 786 (Mo.banc 1977).

Plaintiff contends that there was prejudice from the deviation from MAI. First because the use of the term "ordinary care" in the contributory negligence instruction after use of the same term in plaintiffs' verdict instruction confused the jury and constituted an impermissible double contributory negligence instruction. Plaintiff argues that this double instruction shifted defendants' burden of proof on the affirmative defense of contributory negligence to plaintiff forcing her to prove she was not contributorily negligent. *See Arnel v. Roettgen*, 530 S.W.2d 20, 23 (Mo. App.1975). Second, plaintiff argues that while both parties shared the burden of proof on the issue of lookout the duty was not the same for both parties. The plaintiff must prove her ordinary care in failing to discover the danger where defendants have a greater burden on the affirmative defense of contributory negligence, to-wit, to prove plaintiffs failed to use ordinary care to discover and to appreciate the danger. Plaintiff cites *Dorrin v. Union Electric Company*, 581 S.W.2d 852, 858 (Mo. App.1979) as authority.

Defendants-respondents respond that MAI 32.01(1) is not applicable to landlord-business invitee cases, and even if it is there was no prejudice. First, if the term "plaintiff was thereby negligent" prescribed by MAI 32.01(1) was used in the contributory negligence instructions then negligence must be defined in a separate instruction in terms of ordinary care, (*see* MAI 11.02, 11.05), and the result would have been the same. Second, because plaintiff Mildred Hanten was an adult her ordinary care duty to see is the same as her duty to see and appreciate the danger. *See Dorrin v. Union Electric Company*, 581 S.W.2d 852, 856 (Mo.App.1979) where the plaintiff was a child. Finally, defendant distinguishes *Arnel v. Roettgen*, 530 S.W.2d 20 (Mo.App.1975) where the court

failed to give any burden of proof instruction.

The trial court adopted plaintiffs' view that MAI 32.01(1) applied, that the deviation was impermissible, presumptively erroneous, *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 786 (Mo. banc 1977), and prejudicial and granted a new trial.

■■ Whether the instruction was erroneous and/or prejudicial is a question of law to be determined from the record. *Highfill v. Brown*, 340 S.W.2d 656, 664 (Mo. banc 1960). A trial court has the discretion to grant a new trial only as to the questions of fact. There is no discretion in ruling on the law of the case. *Spalding v. Monat*, 650 S.W.2d 629, 631 (Mo.App.1981). We must determine whether as a matter of law the deviation from the MAI was prejudicial and warranted a mistrial.

■ Deviations from applicable MAI instructions are presumed erroneous and a mistrial is appropriate when the error is prejudicial. *Keifer v. St. Jude's Children's Research Hospital*, 654 S.W.2d 236 (Mo. App.1983). We find that MAI 32.01(1), the general negligence instruction is applicable in a landowner-business invitee case. Although defendant argues that MAI 32.01 is not applicable, the instruction he offered is obviously patterned after it being identical in all but four words. When modifications to an MAI instruction are necessary the new instruction should be simple and free from argument. Rule 70.02(e). Here the alterations were slight and merely technical not substantive.

■ ■ None of plaintiffs' allegations rise to the level of prejudicial error which as a matter of law require a new trial. "The test is whether the challenged instruction placed a greater burden on the party submitting it than would the applicable instruction." *Keifer v. St. Jude's Children's Research Hospital*, 654 S.W.2d 236, 238 (Mo.App.1983). Assuming plaintiffs' contention is true that the similarity of language in the instructions shifted the

burden of proof on the affirmative defense of contributory negligence to the plaintiff, the result is that for plaintiff to prevail on the verdict she must prove that by using ordinary care she could not have known of the danger. To prevail against the affirmative defense she must show that she did not fail to use ordinary care. Although a plaintiff does not carry the burden of proof on affirmative defenses, even if she was forced to in this case there is no prejudice because both elements that she would have to prove are the same. If the burden shifted she would be required to prove both use of ordinary care and that there was no failure to use ordinary care. Once use of ordinary care has been proved the issue of no failure to use ordinary care must also have been proved. Plaintiff's burden was not enlarged.

■ Plaintiff further claims that shifting the burden of proof on lookout to her was unfair because defendants' burden was greater than hers in that defendant had to prove failure of plaintiff to use ordinary care and appreciate the danger while plaintiff need only prove the use of ordinary care. As respondent noted use of ordinary care for adults includes an appreciation of danger. *See Dorrin v. Union Electric Co.,* 581 S.W.2d 852 (Mo.App.1979). Even if the burden shifted a higher duty was not thrust on plaintiff.

However, there is no reason to believe the jury shifted the burden of proof here. The deviation in the MAI in effect placed the definition of the word negligence in place of the word negligence in the instruction. There was no alteration in what either party needed to prove.

■ Since as a matter of law the deviation from the MAI was not prejudicially erroneous the trial court should not have granted the motion for a new trial. The original verdict in favor of defendant should be reinstated.

### PLAINTIFFS' APPEAL ON DISMISSAL OF COUNT III

Plaintiffs' cross-appeal alleges that Count III should have been dismissed be-cause it stated an actionable civil cause of action for breach of an affirmative statutory duty enforcible by a criminal penalty. Count III alleged that because defendants failed to register their fictitious names as required by § 417.200, RSMo.1978 plaintiffs suffered injuries, specifically increased litigation expenses including attorney's fees for the time spent ascertaining the identity of the actual owners of the shopping mall in order to bring the claim for personal injuries.

■ Plaintiffs cite *Hartenbach v. Johnson,* 628 S.W.2d 684 (Mo.App.1982) for the elements of a cause of action from the violation of a state statute. *Hartenbach* recites the standard for a cause of action in negligence, 628 S.W.2d at 687, and Count III does not allege negligence. Assuming without deciding that, as plaintiffs contend, *Hartenbach* sets forth the proper requirements, plaintiffs' Count III failed to allege an actionable cause of action.

■ ■ In *Hartenbach* we stated that [i]n order for the violation of a statute ... to constitute actionable negligence, it must appear that there was in fact a violation of the statute .... that the injured party was within the class of persons intended to be protected by the statute or ordinance, that the injury was of such character as the statute, ... was designed to prevent, and that the violation of the statute ... was the proximate cause of the injury.

628 S.W.2d at 687. The class of persons the fictitious name statute is designed to protect are parties to business transactions. Plaintiffs' underlying cause of action for personal injuries was not dependent upon the identity of the landowner. Fair dealing, fraud, enforcement of business agreements, and credit were not relevant considerations in the existence of the cause of action for personal injuries. That cause of action existed independently of identity of the tortfeasor. In addition the only injury associated with the failure to register the name is the increased litigation expenses. This is not the type of injury that the

statute was intended to prevent. *See Williams v. Nuckolls*, 644 S.W.2d 670, 672 (Mo.App.1982).

We affirm the dismissal of Count III for failure to state a cause of action. We reverse the grant of new trial on Counts I and II.

PUDLOWSKI, P.J., and GAERTNER, J., concur.