Kevin L. YATES, Appellant,

Alvin E. Merritt, Appellant-Respondent,

v.

Pasquale Frank CASSARINO, Respondent.

No. WD 39287.

Missouri Court of Appeals, Western District.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Steven C. Effertz, Independence, for Yates.

William L. Yocum, Kansas City, for Merritt.

Sylvester Powell, Jr., Kenneth J. Berra, Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Kevin L. Yates, petitioner below and appellant, appeals the decision of the judgment of the trial court which set aside a verdict in his favor against both defendants and appellees, Alvin Merritt and Pasquale F. Cassarino. The trial court sustained a motion filed by Cassarino which sought a judgment n.o.v. Alternatively, the trial court issued a conditional order of a new trial in the event the judgment n.o.v. was reversed. We reverse and remand for a new trial.

On the morning of December 27, 1978, between 8:00–8:30 a.m., Cassarino was headed to work on eastbound I–70 in Kansas City, Missouri, just east of the Prospect Avenue interstate entrance in moderate traffic. At that same time and place Yates

and Merritt were traveling eastbound on I–70 in a tractor-trailer truck from Muncie, Kansas, to their destination in North Kansas City, Missouri. Merritt was driving and Yates was a passenger.

While traveling eastbound in the right hand lane of I–70, Cassarino observed Merritt's tractor-trailer truck to the rear of his vehicle in the center lane, gradually gaining on him. Cassarino testified his speed was between 50 to 55 m.p.h. When the tractor-trailer was about even with Cassarino's car, the tractor-trailer truck had to ease up because of another car in front of it. At that point Cassarino began moving ahead of the tractor-trailer truck in the right hand lane of I–70 and as he was doing so he felt an impact to the left rear portion of his car. Although Merritt testified he placed his turn signals on before changing lanes, Cassarino claimed he never observed an operating turn signal on Merritt's tractor-trailer truck, nor did he have any notice that Merritt intended to change lanes.

On impact respondent Cassarino's car spun out of control in front of the tractor-trailer truck and came to rest in the medial area near the medial guard rail. Apparently, so as to avoid a second collision with Cassarino's car, Merritt veered his tractor-trailer truck off the interstate, causing it to land on its side and trap Yates underneath, causing numerous injuries to Yates which required immediate and continued medical attention.

At trial, Merritt admitted that he never saw Cassarino's car until after impact, at which time he observed him through his windshield as the car was spinning out of control in front of him. There seems to be no dispute as to the following facts: that impact occurred in the right hand lane; that the right front corner of his tractor-trailer truck struck the left rear portion of Cassarino's car; that he received a ticket for improper lane change; and that he pled guilty to that charge. The judgment against Merritt has not been appealed.

Yates stated during direct examination that when he first glanced to the right he saw nothing. He glanced again as Merritt began to change lanes and he saw a white car in the right lane trying to pass before impact. On cross-examination there is testimony which could be considered contradictory and is stated as follows:

\*　　\*　　\*　　\*　　\*　　\*

Q. Okay. So by your looking in a mirror wouldn't help you at all in assisting the driver of oncoming traffic because it didn't help you, did it?

A. No.

Q. Okay. Now, as I recall, you never saw Mr. Cassarino's car until after you heard the crash; am I right about that?

A. Yes.

Q. And after you heard the crash, you saw it spinning in front of the truck, did you not?

A. No.

Q. And after you heard the crash, you saw it spinning in front of the truck, did you not?

A. No.

Q. Where was it?

A. I seen it—when I first saw the car?

Q. The car.

A. When I first saw it?

Q. Uh-huh.

A. I was looking out my window, right-hand side, into the southeastbound lane, and as I seen the car, it was coming around, I don't know, I would guess at the back end. It was about three foot, coming back—say if the cars were like this (indicating), it was about three feet coming back into the truck bumper, right in there, about like so (indicating).

Q. Do you know what part of the car the truck hit?

A. The rear left corner.

Q. Rear left corner. Are you saying you saw it before he hit it?

A. It was instant. As I seen it, it was being hit.

Q. It was hit when you saw it; am I right?

A. Correct.

Q. And is it also correct to say that the right front corner of the truck hit the left rear corner of the car?

A. Yes.

Q. All right. That would mean, would it not, that that car had to be in a position where the left rear wheel, that much from the left rear wheel forward was in front of the front of the truck, wasn't it?

A. Yes.

Q. You understand what I'm trying to say? Maybe I'm doing a poor job of it.

\* \* \* \* \* \*

At the close of appellant's case in chief, and again at the close of all the evidence, Cassarino filed motions for directed verdicts in his favor, alleging in part, that Yates' evidence failed to prove or establish any actionable negligence on the part of Cassarino that directly caused or contributed to cause Yates' damages; however, said motions were overruled by the trial court.

Yates submitted his case to the jury, alleging as to Cassarino that he failed to keep a careful lookout and passed on the right when it was unsafe to do so. After due deliberation the jury returned a verdict in favor of Yates and against Merritt and Cassarino, with 90% fault assessed to Merritt and 10% fault assessed to Cassarino.

As a result of the verdict, Cassarino filed a Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial, alleging, in part, that there was no evidence supporting Yates' submission that Cassarino failed to keep a careful lookout. Thereafter, on March 30, 1987, the trial court sustained Cassarino's Motion for Judgment Notwithstanding the Verdict and entered judgment in favor of Cassarino. That order may be summarized by the trial court's finding that the contradiction in the plaintiff's testimony as well as other circumstances did not support a judgment against Cassarino. On April 6, 1987, the trial court entered a conditional order granting Cassarino a new trial which was conditioned upon reversal or vacation by this Court of the trial court's order sustaining Cassarino's Motion for Judgment Not-

withstanding the Verdict. It is from those orders that Yates now appeals.

In reviewing the grant of a motion for a judgment n.o.v. and, in the alternative, the grant of a motion for a new trial after a verdict for plaintiff, the plaintiff is entitled to have the evidence viewed in the light most favorable to him with all reasonable inferences deductible therefrom. *Smith v. Allied Supermarkets, Inc.,* 524 S.W.2d 848, 849 (Mo. banc 1975); *Luyties Pharmacal Co. v. Frederic Co. Inc.,* 716 S.W.2d 831, 833 (Mo.App.1986). The trial court cannot set aside a jury verdict unless the evidence is so strongly against the plaintiff that no room remains for reasonable minds to differ on the issue; where reasonable minds can differ, the judgment should not be disturbed. *Sanders Co. Plumbing v. City of Independence,* 694 S.W.2d 841, 845 (Mo.App.1985); *Dwyer v. Busch Properties, Inc.,* 624 S.W.2d 848, 852 (Mo. banc 1981).

■ We have examined the record and find that while Yates' testimony may have been inconsistent as to when he saw Cassarino's car, there is room to interpret it otherwise. The testimony may be seemingly contradictory in that appellant, confused at counsel's question, retraced his recollection to conform with what he witnessed. Appellant could have misunderstood the form of the question as evidenced by his interrogation of counsel in attempting to understand the ambiguity created by such question. The believability of appellant's testimony is to be taken in the context of his overall testimony. Additionally, it is to be compared and contrasted with the testimony of the other witnesses. Thereafter the jury is to determine who to believe and disbelieve. We believe appellant made a submissible case and the jury should have been given the opportunity to decide who to believe. Consequently the trial court erred, and we must reverse on that legal issue.

■ Next, we consider the conditional order of the trial court granting Cassarino a new trial. The trial court has the discretion to order a new trial as to questions of fact. *Hanten v. Jacobs,* 684 S.W.2d 433,

436 (Mo.App.1984). *See also Resco Construction Co. v. Dawson Cabinet Co.*, 656 S.W.2d 324, 326 (Mo.App.1983). As we have previously stated, the issue of the believability of Yates' testimony on exactly when he first saw Cassarino's car before impact is a question of fact. Therefore, we are obligated to remand the case for a new trial as to Cassarino.

The judgment of the trial court is reversed and remanded for new trial.

All concur.