**Shelby L. BLANKENSHIP, Appellant,**

**v.**

**KANSAS CITY TERMINAL RAILWAY COMPANY, a corporation, Respondent.**

**No. 54900.**

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 8, 1971.

Roy W. Brown, Kansas City, for appellant.

Lathrop, Koontz, Clagett, Parker & Norquist, Sam D. Parker, Joseph E. Stevens, Jr., Kansas City, for respondent.

PRITCHARD, Commissioner.

In this action for damages for personal injuries under the Federal Employers' Liability Act, plaintiff asked $50,000 damages.

The jury returned a verdict for plaintiff in the amount of $2,500, and his Point III here is that the damages awarded are inadequate and resulted from the bias and prejudice of the jury.

Point I presents as a basis for reversal the giving of Instruction No. 6 (upon the burden of proof as per MAI 3.01). This given instruction was submitted by plaintiff, who here states that the omission therefrom did not come to his attention until he was engaged in briefing the appeal. He did not assert the matter in his motion for new trial, and asks that it be considered as plain error affecting substantial rights under Civil Rule 79.04, V.A.M.R. Instruction No. 6 submitted only the burden of proof of the plaintiff, and omitted the defendant's burden of proof: "The burden is upon the defendant to cause you to believe the propositions necessary to support his defense that plaintiff was contributorily negligent as submitted in Instruction No. 4."

■ The omission of a submission of the burden of proof of plaintiff's contributory negligence is not such that relief may be given under Civil Rule 79.04. The matter is controlled by Parsons Construction Co. v. Missouri Public Serv. Co., Mo., 425 S.W.2d 166, 171 [3]: "[P]laintiff is not entitled to complain on appeal about an instruction given on its behalf at its request. Leathem v. Longenecker, Mo., 405 S.W.2d 873, 876; Brown v. Bryan, Mo., 419 S.W.2d 62." The Parsons, Leathem and Brown cases were decided after the adoption of MAI, and of course that adoption did not change the rule. Point I is therefore ruled against plaintiff.

■ In argument, counsel for defendant, referring to Instruction No. 5 (which defines the term "negligence," MAI 11.02), stated to the jury: " * * * [T]he circumstances under which you must find whether there was negligence was whether a railroad was being operated negligently; and operating a railroad isn't running a Sunday School. Operating a railroad is getting the cars loaded and moved and on the rails; *and if there's a certain amount of danger inherent in that, then that's taken into consideration with a lot of other things—.*" (Italics added.) Plaintiff objected to the italicized remarks upon the ground that such sought to inject into the case that plaintiff assumed the dangerous risk, the same not being a defense, and that it was wholly improper argument. After colloquy, the court sustained the objection but refused to instruct the jury to disregard the argument, "because I think it would be calling it to their attention unnecessarily." The further request to discharge the jury was denied. Plaintiff cites Tiller v. Atlantic Coast Line Railroad Co., 318 U.S. 54, 63 S.Ct. 444, 447, 87 L.Ed. 610, which discusses the effect of the 1939 statutory abolition of the defense of assumption of risk in FELA cases, and states, " 'Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name;' and no such result can be permitted here." Certiorari was granted in the Tiller case because of the conclusions and holdings of the District Court and the Circuit Court of Appeals that the evidence in the case showed no negligence "[which] result was based on a holding that the deceased had assumed the risk of his position and that therefore there was no duty owing to him by respondent." (63 S.Ct. 446.) The case was reversed and remanded because of the Court of Appeals' interpretation of the applicability of the doctrine of assumption of risk to the question of the railroad's negligence. At 63 S.Ct. 451 [7, 8] the court said further: "In this situation the employer's liability is to be determined under the general rule which defines negligence as the lack of due care under the circumstances; or the failure to do what a reasonable and prudent man would ordinarily have done under the circumstances of the situation; or doing what such a person under the existing circumstances would not have done. * * * Of course in any case the standard of care must be commen-

surate to the dangers of the business." It is apparent that the argument complained of was referable to the issue of defendant's negligence under all of the circumstances which the jury could take into consideration, including the standard of care "commensurate to the dangers of the business." The argument did not inject an improper defense of assumption of risk into the case, and it follows that there was no abuse of discretion of the trial court in refusing to instruct the jury to disregard the argument, or to grant a mistrial. St. Louis Housing Authority v. Barnes et al., Mo., 375 S.W.2d 144, 148. Point II is overruled.

▮ Citing no case, plaintiff in his last point says that the trial court erred in not granting him a new trial because the verdict was inadequate and resulted from bias and prejudice of the jury. It is argued by plaintiff that he lost $1,264 in wages and made twenty-one trips to the hospital at a cost of $5 per trip. He had no other out-of-pocket medical expenses. He says that the jury's verdict allowed him only $1,100 for pain and suffering and his permanent disability, above his special damages, which could result only from an erroneous belief as to plaintiff's burden with reference to Points I and II. Here, the matter of plaintiff's contributory negligence as a mitigating factor of damages (as authorized by the Federal Employers' Liability Act) was submitted by defendant in Instruction No. 4. The award of damages by the jury in the exercise of its discretion must have been referable to the comparative negligence of the parties. The trial court had an obvious advantage in considering the charge that the verdict was so inadequate as to show bias and prejudice of the jury. The appellate courts will defer to the trial court's determination of the matter unless there appears to be an abuse of discretion. Negley B. Calvin, Inc. v. Cornet, Mo.App., 427 S.W.2d 741, 747 [8, 9]; State ex rel. State Highway Commission v. Liddle, Mo. App., 193 S.W.2d 625; Homeyer v. Wyandotte Chemical Corporation, Mo., 421 S.

W.2d 306, 309. There is no abuse of discretion in the adverse ruling of plaintiff's contention. No misconduct of the jury or anything that might have engendered bias and prejudice of the jury in the course of the trial is suggested. Point III is ruled against plaintiff.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.