Darrell Keith ARNEL, By and Through
His Next Friend, Delbert Henry
Luadzers, Respondent,

v.

Kenneth Joseph ROETTGEN, Appellant.

No. KCD 27168.

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1975.

Tweedie Fisher, Jefferson City, for appellant.

Thomas D. Graham, Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

This is a suit for personal injuries in which the jury returned a verdict for defendant. The trial court sustained plaintiff's motion for a new trial, stating as grounds therefor error in the submission of Instruction No. 2. Defendant appeals, seeking a reinstatement of the jury verdict.

At the close of the evidence, plaintiff submitted and the court gave Instruction No. 3 which was a verdict director and Instruction No. 2 on the burden of proof. Defendant submitted and the court gave Instruction No. 5 which directed a verdict for the defendant if the jury found plaintiff guilty of contributory negligence. Instruction No. 2, being the one now in question, was as follows:

"In these instructions you are told that your verdict depends on whether or not you believe certain propositions submitted to you. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. The burden is upon plaintiff to cause you to believe the propositions necessary to support his claim against defendant. If the evidence in the case does not cause you to believe a particular proposition submitted or if you are unable to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition."

After the jury returned its verdict for the defendant, plaintiff filed his motion for new trial in which assignment No. 1 was as follows:

"Because the Court erred in giving Instruction No. 2, being M.A.I. 3.01, in that it failed to include the applicable words 'The burden is upon the defendant to cause you to believe the propositions necessary to support his defense that plaintiff was contributorily negligent,' placing the burden of proof upon the defendant where an affirmative defense was asserted and the defendant relied upon the affirmative defense of contributory negligence.

"The above constitutes clear and reversible error in that it placed the entire burden of proof upon the plaintiff, when the burden of proof as to contributory negligence should have been upon the defendant."

After consideration of the motion, the court set aside the verdict and granted a new trial, giving as its reason that "[t]his Court has concluded that it erred in giving to the Jury Instruction NO. 2, in the respects set out in Paragraph 1 of Plaintiff's Motion for a New Trial."

Defendant's argument for a reversal can be encapsulated by the following paragraph from its brief:

"It is, therefore, not the court that erred in giving or submitting Instruction No. 2, it is the plaintiff that erred. Such error was invited by plaintiff. In effect, plaintiff seems to say that the court was required to and did give the instruction and hence such instruction was that of the court. In civil cases the court is not

required to give instructions. *Luikart v. Miller,* Mo.Sup., 48 S.W.2d 867. Further, the court is not under a duty to modify instructions offered by a party. *Wors v. Glasgow Village Supermarket, Inc.,* Mo. Sup., 460 S.W.2d 583."

That argument misstates the law. Rule 70.01(d) states that "all [instructions] shall be given as instructions of the court." Furthermore, the committee instructions accompanying the Missouri Approved Jury Instructions states:

"The instructions are the *Court's* and they should be given only when the trial judge, after careful consideration, believes they are proper. The judge is not a reading agent. If such were his job it could be as ably handled by the courthouse janitor or a reasonably literate trusty on loan from the county jail.

"Neither the proposed instruction system nor any other system will succeed without the active supervision of the most important man in our judicial system, the trial judge." (MAI, LIII).

Furthermore, the court *is* required to give 3.01; its use is mandatory: "This instruction must be given in every case" (Notes on Use, MAI 3.01). The inclusion of the statement on defendant's burden of proof is likewise mandatory when pertinent; the Notes on Use, MAI 3.01, direct, "if defendant submits an affirmative defense, such as contributory negligence, insert the words: 'The burden is upon the defendant . . . .' "

So, contrary to appellant's claims, the court *is* required to give MAI 3.01, it *is* an instruction of the court, and the omission was error by the court, not by the plaintiff. Nor do the *Luikart* and *Wors* cases, cited by defendant, militate to the contrary. *Luikart* precedes MAI and therefore is not pertinent. *Wors* dealt only with the question of the giving or modification of a withdrawal instruction, which stands on a completely different footing from MAI 3.01.

In face of the foregoing, defendant nevertheless insists that plaintiff is barred from any complaint as to Instruction No. 2, inasmuch as that instruction was prepared by him and submitted at his own insistence. He contends that this conclusion is required by *Blankenship v. Kansas City Terminal Railway Co.,* 462 S.W.2d 650 (Mo.1971), which according to defendant presented "the identical situation." *Blankenship* is plainly distinguishable. That was a suit under the Federal Employers Liability Act, to which the defendant pleaded contributory negligence in mitigation of damages. The court gave a burden of proof instruction submitted by plaintiff which followed MAI 3.01, except that the instruction, just as the one here, failed to include a "tail" dealing with the burden of proof upon the defendant with respect to contributory negligence. The jury returned a verdict with which plaintiff was dissatisfied, and he therefore appealed. On appeal he objected to the incompleteness of the burden of proof instruction. Since he had not made the complaint in his motion for new trial, he found it necessary on appeal to claim the omission constituted "plain error" under Rule 79.04 (now Rule 84.13). The essence of the court's ruling in *Blankenship* is that "[t]he omission of a submission of the burden of proof of plaintiff's contributory negligence is not such that relief may be given under Civil Rule 79.04." *Blankenship* is not in point in the present situation for the reason that plaintiff here did make his objection in his motion for new trial and indeed received favorable action by the trial court thereon. The trial court had full authority to grant the relief so requested in the motion for new trial, even though plaintiff had not objected to Instruction No. 2 at the time it was given. Rule 70.02. Accordingly, plaintiff here had no need for exceptional treatment under the plain error doctrine, as was sought in *Blankenship.*

The doctrine of "invited error" on which defendant relies in this case may apply in proper cases to instructions. A good statement of how the rule should be so applied appears in *Morris v. Klein,* 400

S.W.2d 461, 465 (Mo.App.1966), where it is stated that "a party may not predicate error on a theory of law he himself has adopted." The doctrine therefore prevents a party from attacking an instruction which he himself selected or devised under which to submit to the jury his theory of substantive law on which he asks the case to be decided. Thus, a party has frequently been barred from complaining of his own verdict-directing instruction. *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166 (Mo.1968); *Leathem v. Longenecker*, 405 S.W.2d 873 (Mo.1966); *Brown v. Bryan*, 419 S.W.2d 62 (Mo.1967); *Birmingham v. Smith*, 420 S.W.2d 514 (Mo.1967); *Beard v. Jackson*, 502 S.W.2d 416 (Mo.App.1973). On the other hand, the doctrine should not be extended to a situation, such as the one in this case, where the issue involves mandatory instruction MAI 3.01, which must be given in every case regardless of the legal theory relied on by the plaintiff.

Error in failure to comply with MAI 3.01 should not be judged on the basis of who submitted the defective instruction, but rather on the basis of whether the error is prejudicial. When the error is in the omission of instruction on defendant's burden of proof on a contributory negligence defense, the jury receives only a direction that the burden of proof is on the plaintiff, and the jury can hardly escape the conclusion that it is upon the plaintiff to prove his freedom from contributory negligence. The misconception so conveyed is obviously prejudicial. *Hartley v. Oidtman*, 410 S.W.2d 537 (Mo.App.1966); see also *Brannaker v. Transamerican Freight Lines, Inc.*, 428 S.W.2d 524 (Mo.1968).

A complete MAI 3.01 instruction is mandatory, and the instruction here which was incomplete under the Notes on Use is presumptively prejudicial. The defendant has not shown the omission to be non-prejudicial. The granting of a new trial was proper.

Affirmed.

All concur.