Cecil LEONARD and Bonnie
Leonard, Respondents,

v.

Richard HODGE and Joyce
Hodge, Appellants.

No. WD 33428.

Missouri Court of Appeals,
Western District.

May 10, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
June 28, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Edgar S. Carroll, Warrensburg, for appellants.

J. Kirk Rahm, Warrensburg, for respondents.

Before DIXON, P.J., and KENNEDY and
LOWENSTEIN, JJ.

KENNEDY, Judge.

This is an appeal from an order granting a new trial after a jury's verdict for defendants. Cecil Leonard and his wife Bonnie sued for damages for injuries sustained by Cecil in a July 5, 1980, accidental fall into an unguarded stairwell in the living room of defendant's mobile home.

After a jury verdict in defendant's favor, the trial court granted a new trial because of error in the burden-of-proof instruction (MAI 3.01), which omitted the words "or defense" in the second sentence. The words "or defense" are to be included in the burden-of-proof instruction where there is an affirmative defense, as there was in this case, namely, the defense of plaintiff Cecil Leonard's contributory negligence. MAI 3.01, Notes on Use (1981 revision).

Defendants appeal. They make two points. They first argue that plaintiff Cecil Leonard was guilty of contributory negligence as a matter of law and the court should have directed a verdict in their favor; and secondly, they say that the omission of the words "or defense" from the burden-of-proof instruction, while errone-

ous, was not prejudicial to plaintiffs and the trial court should not have granted a new trial on that ground.

In view of our disposition of the second point, we do not need to deal with the first. We hold that the omission of the words "or defense" from the burden-of-proof instruction was harmless error and the trial court should not have ordered a new trial on that ground.

## I

The burden-of-proof instruction read as follows:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim [*omitted language: "or defense"*] depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

It will be noted that the words "or defense" were omitted from the second sentence following the word "claim." Those words in MAI 3.01 are enclosed in brackets and the Notes on Use say: "Use bracketed phrase when an affirmative defense is submitted."

■ It is plain, of course, that the bracketed words should have been included in the burden-of-proof instruction given to the jury, and their omission was error. Appellant concedes that, but they say that the error was not prejudicial. "The giving of an instruction in violation of the provisions of [Rule 70] shall constitute error, its prejudicial effect to be judicially determined."

Rule 70.02(c). Where there is any deviation from MAI, the party asserting its harmlessness has the burden of demonstrating its harmlessness. *Ogle v. Terminal Railroad Association*, 534 S.W.2d 809, 812 (Mo.App. 1976).

■ We are persuaded that the omission of the words "or defense" from the burden-of-proof instruction in this case is nonprejudicial and we shall undertake to show how this is so.

The jury had before it in each claim—Cecil and Bonnie's—the following contributory negligence instruction:

Your verdict must be for defendants if you believe:

First, plaintiff Cecil Leonard did not look where he was walking, and

Second, plaintiff Cecil Leonard thereby failed to use ordinary care, and

Third, such failure of plaintiff Cecil Leonard to use ordinary care directly caused, or directly contributed to cause, any damage plaintiff Cecil Leonard may have sustained.

Assume the jury comes to the issue presented by the foregoing contributory-negligence instruction and finds the evidence evenly balanced. Only then does the burden-of-proof instruction come into play. The jury must determine who has the burden of proof on the contributory-negligence issue, for the issue is to be resolved against that one. *McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557, 563 (banc 1932).[1]

There is only one burden-of-proof instruction. "In these instructions," it reads, "you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you." MAI 3.01. This plainly refers to the contributory-negligence instruction, for that instruction says that if the jury believes so-and-so (hypothesizing the facts showing contributory negligence), their verdict must be for the de-

---

**1.** "The plaintiff, having taken the affirmative on the issue of ultimate liability in a lawsuit, must assume the burden of *convincing the jury.* As to affirmative defenses and cross-actions, a similar burden is imposed on the defendant. If,

therefore, the evidence is equally balanced and the jury is left in doubt, the litigant having the burden of proof loses; he must sustain his case by the greater weight of the evidence." 46 S.W.2d at 563.

fendant. It refers, in fact, to every instruction which tells the jury their verdict must be for one party or the other depending upon whether they believe certain facts, and it refers to no other.

The instruction proceeds: "The burden of causing you to believe a proposition of fact is upon the party whose claim depends upon that proposition."

If the jury reads that sentence to refer only to plaintiffs' claims, then they are, at the least, confused about the instruction's silence upon the burden of proof on the contributory-negligence issue, and the omission of the words "or defense" would be prejudicial to plaintiffs. But there is no reason to suppose that the jury so understood the sentence. The jury may be presumed to have understood the word "claim" in its usual and ordinary meaning.

Judge Stone articulated a basic principle of instruction language, appealing for its good sense to all practical minds, when he wrote in *LaPlant v. E.I. DuPont de Nemours and Co.*, 346 S.W.2d 231, 242–43 (Mo. App.1961): "in the light of the cautionary admonition that, in considering the language of any instruction, we should not be hypercritical but rather should be concerned primarily with its meaning to a jury of ordinarily intelligent laymen, crediting them with common sense and average understanding of the English language...."

The word "claim" is no term of art. It has no technical meaning. It is not defined in the instructions. In every-day parlance it is used to mean "contention" or "argument." Judicial opinions and other formal writings frequently use it with that meaning. We do no violence to the language if we assume that the jury understood it in the same sense. The defendants *claimed* that Cecil was contributorily negligent. That was their *claim*. The instruction told the jury that defendants had the burden to prove their claim.

If the term "claim" did give the jury pause, the fact that the sentence refers both to the plaintiffs' claims (for damages) and to defendant's claim (of contributory negligence) is borne out by the fact that it

refers to "the *party* whose claim depends upon that proposition." Plainly implied from the use of the term "party" is the fact that either the plaintiff or the defendant might have, or might make, a claim. It is not only the plaintiffs' claims that are intended here. It is the claim of a *party*, including both the plaintiff and the defendant. So that "jury of ordinarily intelligent laymen ... with common sense and average understanding of the English language" would understand it. *Id.* The burden-of-proof instruction given here, though it omits "or defense," plainly and unmistakably tells the jury that defendants have the burden to prove the plaintiff's contributory negligence.

Plaintiffs cite the case of *Arnel v. Roettgen*, 530 S.W.2d 20 (Mo.App.1975), where under an earlier MAI burden-of-proof instruction, the jury was told: "The burden is upon plaintiff to cause you to believe the propositions necessary to support his claim against defendant." 530 S.W.2d at 21. Omitted from the instruction in the *Arnel* case was the sentence required by the Notes on Use in cases where an affirmative defense was submitted, such as contributory negligence, which stated: "The burden is upon the defendant ...." Wrote Judge Wasserstrom:

> Error in failure to comply with MAI 301 should ... be judged ... on the basis of whether the error is prejudicial. When the error is in the omission of instruction on defendant's burden of proof on a contributory negligence defense, the jury receives only a direction that the burden of proof is on the plaintiff, and the jury can hardly escape the conclusion that it is upon the plaintiff to prove his freedom from contributory negligence. The misconception so conveyed is obviously prejudicial. [Citations omitted.]

> ... The defendant has not shown the omission to be non-prejudicial.

530 S.W.2d at 23.

The case actually presents a sharp contrast with the case before us, for under the instruction being dealt with there the jury was told that "[t]he burden is upon the *plaintiff* to cause you to believe the proposi-

tions necessary to support his *claim against defendant.* 530 S.W.2d at 21 (emphasis added). The omission of a sentence instructing them that the defendant had the burden to prove his affirmative defense was doubtless, as *Arnel* held, a prejudicial omission. But in our case the instruction places the burden of proof upon the *party* whose *claim* depends upon the hypothesized proposition.

## II

■ Respondents say, however, that even if the burden-of-proof instruction does not justify the trial court's new trial order, another instruction, alleged in their motion for a new trial to be erroneous, does require a new trial. That instruction is the contributory-negligence verdict-directing instruction, which we have quoted in full earlier in this opinion. Respondents complain of the language "plaintiff Cecil Leonard did not look where he was walking." They say that that language is argumentative, but we do not see that the language is subject to that criticism. It presents defendants' theory in direct, chaste language.

Defendants cite *Shackman v. Lincoln Property Co.,* 556 S.W.2d 50 (Mo.App.1977), where the contributory-negligence instruction required the jury to find that plaintiff did not "look and observe where he was walking and stepping." This language was held to be reversible error, in that it put too much of a burden on the plaintiff. It placed a duty upon the plaintiff closely to observe the path immediately before him, which overstated and overemphasized the plaintiff's duty. 556 S.W.2d at 53. The instruction before us is not subject to that criticism.

The order granting a new trial is reversed, and the cause is remanded to the trial court with instructions to reinstate the verdict of the jury.

LOWENSTEIN, J., concurs.

DIXON, P.J., dissents in separate opinion.

DIXON, Presiding Judge, dissenting.

I respectfully dissent from the holding that the error in the burden of proof instruction was harmless.

The opinion reasons that the jury, confronted with the sentence, "The burden of causing you to believe a proposition of fact is upon the party whose claim depends upon that proposition," would be directed to the "if you believe" language of the contributory negligence instruction. The opinion asserts the word "claim" would direct the jury to the "claim" of contributory negligence.

This reasoning ignores the possibility that the jury read "if you believe" in the context of the third finding of the contributory negligence instruction, viz: "[I]f you believe ... failure of plaintiff ... *to use ordinary care* directly caused or contributed to cause." That "claim" is one which is also part of the plaintiffs' submission. Paragraph Third of plaintiffs' verdict director reads:

THIRD, Plaintiff Cecil Leonard did not know and *by using ordinary care* could not have discovered that such condition was not reasonably safe.

(Emphasis supplied). If, as the majority says, the jury confronted the issue of plaintiffs' exercise of "ordinary care," which was the only real issue in the case, and then resorted to the burden of proof instruction, it may well have been confused. "Ordinary care" appears in *both* instructions, and since it does, they may well have assumed that, since it appeared first in the plaintiffs' instruction and he was the "claimant," the burden was on him under both instructions. The majority says that the words "if you believe" "plainly refer" to the contributory negligence instruction. Plaintiff's claim in this case also depended upon the jury's finding that the plaintiff was using ordinary care. No place in these instructions was the jury told the unquestioned law of the case—that the burden of proof as to contributory negligence was upon the defendant.

The assertion of the majority opinion that the jury must have understood the meaning of "claim" is pure speculation. It is as easy to speculate that they believed claim meant

"a demand for something due or believed to be due" or "a right to something," Webster's New Collegiate Dictionary (G & C Merriam Co. 1979). Any such common interpretation would have led them to believe that the burden was upon plaintiff, because "claim" in that sense would have referred to plaintiffs' cause of action.

If the majority opinion is correct, the directions of MAI are meaningless with respect to the burden of proof instruction. In every case involving an affirmative defense in which the phrase "or defense" is omitted, the same reasoning would apply. Every affirmative defense will contain the "if you believe" language and permit the court to say that the jury must have read that language as asserting a "claim" that would direct the jury to apply the burden of proof instruction correctly.

I would affirm the trial court's order granting a new trial.