**Michael R. ADAMS and Mary Bratten, Plaintiffs-Appellants,**

v.

**Billy M. DeBUSK and Gloria DeBusk, Defendants-Respondents.**

No. WD 34321.

Missouri Court of Appeals, Western District.

Jan. 31, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1984.

Application to Transfer Denied April 16, 1984.

Andrew J. Gelbach, Warrensburg, for plaintiffs-appellants.

William J. Cason, Michael X. Edgett, Fred R. Bunch, James C. Johns, Clinton, for defendants-respondents.

Before SOMERVILLE, P.J., and SHAN-GLER and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

Plaintiff Michael R. Adams, a minor, by next friend, and plaintiff Mary Bratten, his natural mother, brought an action in two counts seeking money damages due to the alleged negligence of defendants Billy M. DeBusk and Gloria DeBusk (husband and wife).

Count I sought money damages on behalf of the minor and Count II, a derivative action, sought damages on behalf of the natural mother of the minor for loss of services and medical expense. Defendants' answer was in effect a denial of the allegations of negligence accompanied by a *general* plea of contributory negligence on the part of minor plaintiff Michael Adams. No motion to make defendants' answer more definite and certain was ever filed by plaintiffs.

The case was tried to a jury which returned a verdict in favor of defendants on both counts. Plaintiffs, after an unavailing motion for new trial, appealed.

Plaintiffs rely on three points of error on appeal, the first two alleging instructional error and the third alleging error in the admission of irrelevant evidence elicited from three of plaintiffs' witnesses on cross-examination. As defendants chose on appeal to confront head-on the issues raised by plaintiffs on their merits, this court neither discusses nor expresses an opinion as to whether plaintiffs made a submissible case.

The anomalous nature of the instructional errors raised by plaintiffs eliminates the necessity of setting forth any of the subject instructions verbatim. Moreover, a brief statement of facts will suffice to give sufficient dimension to the points, as joined on appeal, for their disposition.

On August 1, 1978, plaintiff Michael Adams was fourteen years of age and lived with his mother, plaintiff Mary Bratten, in Warrensburg, Missouri. The minor plaintiff and one of his peers were walking east on a public alley in the vicinity of a shed located on the northeast corner of property owned by defendants. The shed had a corrugated metal roof, the trailing edge of which was about five feet above ground level. The north side of the shed was on or near defendants' north property line and the trailing edge of the corrugated metal roof extended approximately five inches over the alley. Plaintiffs contend that the trailing edge of the corrugated metal roof was torn or jagged in the vicinity of the northeast corner of the shed and could not be seen because it was obscured by foliage and brush. Photographs introduced into evidence disclosed a slight vertical bulge in the trailing edge of the corrugated metal roof near the northeast corner of the shed.

The minor plaintiff was on the south side of the alley as he and his companion walked in an easterly direction. When they reached the vicinity of the northeast corner of the shed in question, the minor plaintiff threw a grape at some other children ahead of him in the alley. Immediately before doing so, the minor plaintiff saw the shed and its corrugated metal roof. When the minor plaintiff threw the grape the tip of the little finger of his right hand struck the trailing edge of the corrugated metal roof near the northeast corner of the shed and was severely lacerated. Considerable medical expense, including hospitalization and corrective surgery, was incurred as a result of the injury sustained by the minor plaintiff, all of which was paid for by his mother, plaintiff Mary Bratten.

■ Plaintiffs' first point focuses on Instruction No. 3. The trial court, on its own initiative, gave Instruction No. 3, same being MAI 3.01 captioned "[1981 Revision] Burden of Proof—General." Notwithstanding the fact that two contributory negligence verdict directors [Instruction No. 9 re Count I and Instruction No. 13 re Count II] were given at the request of defendants, Instruction No. 3 failed to contain "or defense" set forth in brackets in the 1981 revision of MAI 3.01. Plaintiffs contend that inclusion of "or defense", under the circumstances, was mandatory by virtue of the "Notes on Use" appended to the 1981 revision of MAI 3.01, to-wit, "[u]se bracketed phrase when an affirmative defense is submitted", and that failure to comply therewith constituted reversible error. Plaintiffs' contention is completely defused by *Leonard v. Hodge*, 654 S.W.2d 165, 166 (Mo.App.1983). There, as here, a burden of proof instruction, otherwise comporting with MAI 3.01 [1981 Revision], failed to include the bracketed phrase "or defense" although a contributory negligence verdict director was submitted at the request of defendants therein. The court in *Leonard*, although conceding that omission of the bracketed phrase "or defense" was error, held, after a pragmatic analysis, that its omission was harmless and non-prejudicial. Accordingly, plaintiffs' attack on Instruction No. 3 affords no basis for appellate relief. *Leonard v. Hodge*, supra.

Plaintiffs, by way of their second point, contend that defendants' contributory negligence verdict directors [Instructions 9 and 13] were fraught with error. Four specific charges of error are grouped under four subpoints: (1) they failed to submit an affirmative defense because they did not take into account plaintiff Michael Adams' minority; (2) they failed to "negate any of the essential elements" of plaintiffs' verdict directors; (3) by reference on the copies of the parties and the court they purported to be a modification of MAI 32.01(1), captioned "[1978 New] Affirmative Defenses—Contributory Negligence—Single Negligent Act Submitted", rather than MAI 32.01(2), captioned "[1978 New] Affirmative Defenses—Contributory Negligence—Multiple Negligent Acts Submitted", when in fact two grounds of negligence were submitted in the disjunctive; and (4) they submitted "unpleaded issues" in that the grounds of negligence disjunctively submitted were not alleged or set forth in defendants' answer.

■ The first semblance of error plaintiffs seek to attribute to Instructions 9 and 13, that they failed to take into account plaintiff Michael Adams' minority, is virtually subject to summary rejection by reason of Instruction No. 4 given by the court. Said instruction faithfully conformed to MAI 11.04, captioned "[1978 Revision] Definition—Negligence of Minor", and defined the term "negligent" or "negligence" as used in defendants' verdict directors with respect to minor plaintiff Michael Adams. If there is more to plaintiffs' argument on this point than perceived, it is, in all candor, so immersed in subtlety that any further discussion would require this court to embark upon a course of sheer speculation and conjecture. Notwithstanding this court's disinclination to do so, it is appropriate to remind plaintiffs that defendants' verdict directors (MAI 32.01(2) modified) were patterned after a contributory negligence verdict director (contributory negligence of a minor) approved in *Dorrin v. Union Elec. Co.*, 581 S.W.2d 852 (Mo.App. 1979). In *Dorrin*, the court, in detail, rejected an array of alleged errors leveled at the contributory negligence verdict director there in question.

■ The next semblance of error plaintiffs seek to attribute to Instructions 9 and 13, that they failed "to negate any of the essential elements" of plaintiffs' verdict directors, is minimally argued by plaintiffs absent citation of authority. Frankly, this court has encountered great difficulty in comprehending the thrust or meaning of this facet of plaintiffs' attack on defendants' verdict directors. It appears that plaintiffs have confused the role of a converse instruction with that of an instruction submitting an affirmative defense of contributory negligence. It is axiomatic that an instruction submitting the defense of contributory negligence is cast in affirmative rather than negative terms. See, for example, MAI 32.01(2) which, as properly modified, was the source of defendants' verdict directors. Plaintiffs' attack on Instructions 9 and 13 in this current respect is meritless.

■ Plaintiffs next seek to attach error to defendants' verdict directors because the copies submitted to plaintiffs and the court erroneously referred to MAI 32.01(1), modified, rather than MAI 32.01(2), modified, as multiple acts of negligence were submitted in the disjunctive. It should be borne in mind that references to MAI on copies of instructions submitted to a party and the court do not appear on the instructions read and given to juries. For this reason the jury could in no way have been misled or confused. Rule 70.02(d) provides, inter alia, that "[e]ach copy shall indicate whether it was prepared at the court's direction or by which party it was tendered and shall contain a notation as follows: 'MAI No. ____' or 'MAI No. ____ modified' or 'Not in MAI' as the case may be." Rule 70.02(c), insofar as here pertinent, provides that "[t]he giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined." Plaintiffs seek to elevate form over substance with their present argument. It is patent that the erroneous MAI reference on the copies of Instructions No. 9 and 13 did not mislead or prejudice plaintiffs. See *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784, 801–802 (Mo.1970) holding that the failure of plaintiffs to show the MAI source on copies of an instruction was not prejudicial. This court judicially determines that the erroneous MAI reference on copies of defendants' verdict directors was non-prejudicial.

■ Plaintiffs conclude their attack on defendants' verdict directors with the assertion that they submitted "unpleaded issues" in that the grounds of negligence disjunctively submitted were not alleged or set forth in defendants' answer. It is of cardinal importance, and this court so notes, that plaintiffs do not contend that the multiple grounds of negligence disjunctively submitted in defendants' verdict directors were not supported by or within the scope of the evidence. The record discloses that both grounds were amply supported by and within the scope of the evidence. It is highly significant that plaintiffs have

either overlooked or chosen to ignore a venerable group of cases recognizing that a general plea of contributory negligence unchallenged by a motion to make more definite and certain, as here, is sufficient to authorize the giving of a contributory negligence verdict director so long as the specific grounds of negligence set forth in the instruction are supported by and within the scope of the evidence. *Martin v. Turner*, 306 S.W.2d 473, 477 (Mo.1957); *Watts v. Moussette*, 337 Mo. 533, 85 S.W.2d 487, 491 (1935); *Schide v. Gottschick*, 329 Mo. 64, 43 S.W.2d 777, 779 (1931); and *Brown v. Thomas*, 316 S.W.2d 234, 236 (Mo.App. 1958). Plaintiffs' waning charge of instructional error, like those which preceded it, is devoid of merit.

■ Plaintiffs' third and final point posits error on the admission of certain evidence evoked from three of plaintiffs' witnesses on cross-examination. The evidence in question, objected to by plaintiffs on the ground that it was irrelevant, may be characterized as an acknowledgment that certain commonplace objects could cause injury if struck with sufficient force and acceleration by the human hand. According to defendants, such evidence was relevant because of its tendency to show that any number of commonplace, non-dangerous items, if struck with sufficient force or acceleration, could cause injury, hence the slight vertical bulge in the trailing edge of the corrugated metal roof did not constitute an unreasonable risk of harm to the minor plaintiff. Even though this court in retrospect might be inclined to view the controverted evidence as possessing doubtful relevancy, the trial court obviously concluded otherwise. The confluence of these observations is two well-established principles—determination of whether evidence is relevant is, in the first instance, within the sound discretion of the trial court, whose ruling on appeal will be upheld absent a showing of abuse of discretion, see, e.g., *City of Cape Girardeau v. Robertson*, 615 S.W.2d 526, 531 (Mo.App.1981), and, concomitantly, before evidence can be excluded as irrelevant it must appear to be so beyond doubt, see, e.g., *Russell v. Union*

*Elec. Co.*, 238 Mo.App. 1074, 191 S.W.2d 278, 287 (1945). So measured, this court is unwilling to say that the trial court abused its discretion in admitting such evidence over plaintiffs' abstract objections that it was irrelevant. By way of further observation, common sense dictates that such evidence did not convey anything which the ordinary juror did not already know by virtue of his own common knowledge and experience—that even a non-dangerous object could cause injury to one's hand if struck with sufficient acceleration and force. Cast in this light, even if one assumes, arguendo, that such evidence was irrelevant for any purpose, it cannot be said to have unduly diverted the jurors' attention from the true issues or that it was inflammatory or otherwise prejudicial. Ergo, plaintiffs are not entitled to reversal even if the trial court erred in the admission of such evidence. *Sanders v. H & S Motor Freight, Inc.*, 526 S.W.2d 332, 335 (Mo.App.1975).

Judgment affirmed.

All concur.