John Matthew ASHBY, II, Appellant,

v.

Jonathan P. JOHNSON and Jen–Con, Inc., Respondents.

No. 57045.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1990.

Application to Transfer Denied
July 31, 1990.

Joseph P. Rice, Cape Girardeau, for appellant.

John L. Cook, Cape Girardeau, for respondents.

CRIST, Judge.

Plaintiff appeals from a judgment entered upon a defendant's verdict in a personal injury claim arising out of an automobile collision. We affirm.

Plaintiff, a minor at the time, was driving through an intersection in Sikeston, Missouri, when his truck was hit on the driver's side by a vehicle driven by defendant Jonathan P. Johnson. Defendants admitted Johnson was an agent for Jen–Con, Inc., and caused the accident. However, defendants contested plaintiff's claim he suffered back and neck injuries.

Plaintiff argues the trial court erred in allowing defendants' lawyer on cross-examination to elicit testimony about plaintiff's father's receipt of disability benefits for a back injury. The following took place during the cross-examination of plaintiff:

Q. [Defense counsel]: Your dad is completely disabled from a back injury, is he not?

[Plaintiff's counsel]: Judge, I am going to object. That's not relevant to the issues in this lawsuit.

[Defense counsel]: Well, I intend to demonstrate it's [sic] relevance, Your Honor, to this lawsuit.

The Court: Overrule the objection.

Q. [Defense counsel]: He is, is he not?

A. [Plaintiff]: Yes, he is.

Q. [Defense counsel]: And he's talked to you all about back injuries and how they act and what they feel like, hasn't he?

[Plaintiff's counsel]: Judge, that would be hearsay.

[Defense counsel]: I'm not going to ask him what was said, Judge. I want to cover the topics.

The Court: The objection will be overruled.

Q. [Defense counsel]: Isn't that so?

A. [Plaintiff]: Yes, what—what's in his, yes.

During the video tape deposition of Dr. Wittgen, defendants' lawyer asked:

Q. Okay. Did you find at any time during your history when you visited— would visit with this boy and his father, did you discover that his father has been granted a hundred percent disability I assume by Social Security for a back injury?

A. This was brought up when we discussed surgery originally, that the father was somewhat opposed to surgery because he said that he was disabled having had back surgery.

■ Plaintiff argues that evidence of father's disability was not relevant. Relevant evidence is evidence which tends to prove or disprove a fact that is of consequence. *Lawson v. Schumacher & Blum Chevrolet, Inc.*, 687 S.W.2d 947, 951[1] (Mo.App.1985). *See* Fed.R.Evid. § 401. The offered fact makes the fact that is of consequence more probable or less probable than it would be without it. *Lawson*, 687 S.W.2d at 951. The admission of questionable evidence is committed to the discretion of the trial court. *Id.* We defer to the trial court's decision absent an abuse of discretion. *Id.*

In a similar case, this court held evidence plaintiff's three brothers all received disability benefits was irrelevant. *Barron v. Missouri–Kansas–Texas Railroad Company*, 696 S.W.2d 338, 340 (Mo.App.1985). In *Barron*, at issue was whether the accident happened at all. The court held the evidence was not used to impeach plaintiff, nor was it offered to prove any issue in the case.

■ In the case at bar, evidence father is on disability from a back injury does not tend to make the existence of the alleged fact that plaintiff was faking or exaggerating his injury more or less probable than it would be without the evidence. What was it offered to prove? Father did not testify and there was no evidence he urged his son, plaintiff, to fabricate his injuries. Thus, "urging" from father was not a fact that was of consequence to be made more probable by evidence of father's disability. Therefore, evidence of father's disability was not relevant and should have been excluded.

■ Because irrelevant evidence was admitted, plaintiff is entitled to a new trial if

the evidence "unduly diverted the jurors' attention from the true issues or that it was inflammatory or otherwise prejudicial." *Adams v. DeBusk,* 666 S.W.2d 878, 882[6] (Mo.App.1984). After reviewing the record, we do not believe plaintiff was prejudiced by defendant's references to father's disability.

 The reference to father's disability during plaintiff's cross-examination merely revealed father was disabled and had described to plaintiff what the disability was like. The cross-examination of Dr. Wittgen, at most, reveals father was suspicious of back surgery because of his experience. In fact, plaintiff had the back operation performed.

Plaintiff's evidence left open several questions as to whether the accident caused his injuries. Dr. Wittgen, the doctor who operated on plaintiff, testified that after surgery, plaintiff's objective physical signs improved while his subjective complaints did not change. The doctor had no opinion as to the cause of plaintiff's neck pain which seemingly increased when he visited a third doctor.

The evidence at trial also showed that plaintiff complained of no injuries immediately after the accident. Plaintiff also failed to perform the prescribed physical rehabilitation. Essentially, the references to father's disability were not a significant part of the trial. Plaintiff was not prejudiced.

 Plaintiff's point two complains of the trial court's refusal to allow plaintiff's medical bills to be passed to the jury. The passing of exhibits to the jury is a decision within the discretion of the trial court. *Woods v. City of Lake Lotawana,* 752 S.W.2d 869, 872[3] (Mo.App.1988). The trial court allowed plaintiff to pass a summary of each bill rather than spend time at trial "sanitizing" the bills. We cannot say the court abused its discretion in doing so. Point denied.

Finally, plaintiff claims the trial court erred in failing to grant a new trial because the verdict was against the weight of the evidence. Suffice it to say the trial court's decision is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Because an extended opinion on this point would have no precedential value, it is denied pursuant to Rule 84.16(b).

Judgment affirmed.

SIMON, C.J., and CARL R. GAERTNER, J., concur.