**Robert A. BEENY, Plaintiff–Appellant,**

v.

**Laerie and Leonoa SHAPER, Defendants–Respondents.**

**No. 57543.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 4, 1990.

Rehearing Denied Oct. 3, 1990.

R. Andrew Beeny, Frontenac, for plaintiff-appellant.

Walter D. McQuie Jr., Montgomery City, for defendants-respondents.

SATZ, Presiding Judge.

This is a civil action for property damages, based upon Missouri's Stock Laws. § 270.010 RSMo 1978 *et seq.* Plaintiff appeals from a jury verdict and judgment in favor of defendants. We affirm.

§ 270.010 RSMo 1978 of the Missouri Stock Laws makes it "unlawful for the owner of ... cattle ... to permit [them] to run at large outside [their] enclosure." The owner is required to pay for damages caused by the cattle "running at large"; "provided", however, that the "owner [is] not ... responsible for any accident" so caused, if the cattle "were outside the enclosure through no fault or negligence of the owner...."

In his petition, plaintiff alleged his automobile and defendants' cow collided in the driving lane of State Highway F in Warren County, and plaintiff prayed for the property damage to his automobile. In their answer, defendants alleged their cow was outside the enclosure through no fault of their own and also alleged the collision was caused by plaintiff's contributory fault.

The jury returned a verdict in favor of defendants, and plaintiff's appeal followed.

Plaintiff raises one basic issue on appeal. He contends the trial court gave an improper burden of proof instruction to his prejudice.

Plaintiff did not file a copy of the trial transcript. Thus, if an instruction conference were held and a record of the conference were made, a copy of that record is not before us. We base our decision on the legal file and those facts neither party disputes.

This cause was tried in June, 1989. The appropriate burden of proof instruction for plaintiff's action was MAI 3.01 (1986 Revision.) Plaintiff chose not to use this 1986 Revision and tendered, instead, a modified version of MAI 3.01 (1981 Revision). This instruction was refused by the trial court. We underline plaintiff's modification:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. *The burden is upon defendants to cause you to believe that the animal on the roadway was outside the enclosure through no fault or negligence of defendants.* If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

From the record, it appears that plaintiff also tendered an unmodified MAI 3.01 (1981 Revision) instruction, which was given by the court:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

Plaintiff challenges the submission of this instruction on the grounds that the instruction did not "properly place the burden of proof of non-negligence upon the defendants as required by Missouri law and plaintiff was thereby prejudiced."

Although plaintiff does not acknowledge the instruction was erroneous because the 1986 Revision should have been given, he does state this instruction, which he prepared and tendered, was erroneous. Plaintiff, however, is not insensitive to simple fairness. He knows fairness may prohibit him from challenging an error he invited. Thus, he argues the doctrine of invited error may well prohibit him from challenging an instruction that he prepared and submitted on his substantive theory of the law, but, he argues, that doctrine does not prevent him from challenging a "mandatory" instruction on the burden of proof, even though he prepared and submitted the instruction. In support, he cites *Arnel v. Roettgen*, 530 S.W.2d 20 (Mo.App.1975).

In *Arnel*, the Court does indeed make this distinction in the application of the doctrine of invited error to instructions, and this distinction has been approved and followed by our intermediate courts of appeal. *E.g. Reichert v. Western & Southern Life Ins., Co.*, 648 S.W.2d 619, 625 (Mo.App.1983). We question the reasoning employed by the Court in *Arnel* and do not agree with its result.

In *Arnel*, the Court concludes that those instructions, like the verdict directing instruction, defining the substantive theory of the law, are the instructions of the party tendering them. A party chooses the substantive theory on which he bases his claim or defense and, in turn, chooses the instruction to submit that theory to the jury. Under the doctrine of invited error, the Court concludes, the party is stuck with his choice. *Arnel*, 530 S.W.2d at 22–23.

However, the Court in *Arnel* also concludes that a party does not choose those instructions, like the burden of proof instruction, which must be given in every case by the court. These "mandatory" instructions are the court's instructions, and the court must choose the form in which these instructions will be submitted to the jury, regardless of who selects or prepares them. Since a party does not choose the "mandatory" instructions, the Court in *Arnel* concludes, the party should not be stuck with the court's choice. *Id.* at 23.

The premises of the Court in *Arnel* are grounded on shifting sands. We will not detail our disagreement with those premises nor the reasoning of the Court. We do note two of these premises are, at best, questionable.

In *Arnel*, the Court itself relies on former Rule 70.01(d), the predecessor of present Rule 70.02(d), which stated that " 'all [instructions] shall be given as the instructions of the court.' " *Id.* at 22. If "all instructions" are to be "given as the instructions of the court", then, a party's substantive instructions, arguably, should be the court's instruction no less than "mandatory" instructions.

The Court in *Arnel* also relies on the "How To Use This Book" Section of the Second Edition to MAI which states:

## ROLE OF THE TRIAL JUDGE

The instructions are the *Court's* and they should be given only when the trial judge, after careful consideration, believes they are proper. The judge is not a reading agent. If such were his job it could be as ably handled by the courthouse janitor or a reasonably literate trusty on loan from the county jail. (emphasis theirs) (MAI, LIII (2d Ed.1969)). *Id.* at 22.

. . . . .

The comparable section in the Third Edition of the MAI is not as explicit in requiring one who holds the exalted position of judge to submit instructions to the jury at his or her peril. *See Appendix.* Moreover, in the

Third Edition, the trial lawyer is admonished:

Since the trial court will decide the law by its selection of instructions given to the jury, it is essential for you, the trial lawyer, to research and be familiar with the law. It is your task to prepare the instructions correctly. If the correct instruction is not prepared, you have failed your task.

MAI, XCII (3d Ed.1981).

We do not further detail our disagreement with the Court in *Arnel*, because the subsequent holding and teaching of our Supreme Court in *Fowler v. Park Corporation*, 673 S.W.2d 749 (Mo. banc 1984) and its progeny have made *Arnel* a dead letter, which should be laid to rest.

In *Fowler*, the defendant failed to object to the plaintiff's instruction which erroneously defined the defendant's duty of due care. The Court said the defendant, in effect, adopted this erroneous instruction by using the term "negligence" in the defendant's converse instruction and by failing to offer a definition of "negligence" which differed from plaintiff's definition *Id.* at 756. By this conduct, the Court concluded, the defendant waived its right to challenge the erroneous definition on appeal. *Id.*

It is incongruous, to say the least, that, under *Fowler*, a party who by its conduct adopts an erroneous instruction prepared and tendered by the opposing party waives the right to challenge that instruction, but, under *Arnel*, the party who prepared and tendered that instruction would neither waive nor be estopped from challenging that instruction.

Arguably, one could construct an argument demonstrating that the definitional instruction in *Fowler* was a part of plaintiff's verdict directing instruction and, therefore, the distinction between substantive and "mandatory" instructions made by the Court in *Arnel* would not be inconsistent with the holding and teaching of *Fowler*. However, we do not read *Fowler* as contemplating a distinction between a party's adoption of an erroneous substantive instruction and the adoption of an errone-

ous "mandatory" instruction. Moreover, the cases discussing or applying *Fowler* in the context of an erroneous "mandatory" instruction, like the burden of proof, have not made that distinction. *E.g., Klein v. General Electric Co.,* 714 S.W.2d 896, 905 (Mo.App.1986). Furthermore, the doctrine of invited error and *Fowler* reflect a basic axiom of life: you can't have your cake and eat it too.

On this record, plaintiff invited the instructional error in issue, and, having done so, he has no reason to complain.

Judgment affirmed.

SMITH and GRIMM, JJ., concur.

### APPENDIX

### ROLE OF THE TRIAL JUDGE

The trial judge has the duty of deciding the issues of law in every case. In jury instruction, his decision to give or refuse any instruction is a decision of an issue of law. The importance of the decisional duty is made to appear, for example, in the rear end collision submissions.

Therefore, each instruction given or refused reflects the trial judge's performance and it is his duty to give a complete charge to the jury. Civil Rule 70.02 reflects that nondelegable duty in its reference to identifying instructions prepared "at the court's direction." That is a very real and vital duty in the administration of justice and no trial judge can abdicate his responsibilities to the discretion of the trial lawyers who prepare the instructions. No judge should fail in his duty upon the premise that if the lawyer wants to create error he is free to do so.