**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| SANDY LYNN BURRELL, | ) C/A NO. 03A01-9809-CV-00291 |
| | ) |
| Plaintiff/Counter-Defendant | ) BRADLEY CIRCUIT |
| Appellant | ) |
| | ) HON. JOHN B. HAGLER, JR., |
| v. | ) JUDGE |
| | ) |
| MARK ALLEN BURRELL, | ) |
| | ) AFFIRMED AS |
| Defendant/Counter-Plaintiff | ) MODIFIED AND |
| Appellee. | ) REMANDED |

M. DREW ROBINSON, BATES & ROBINSON, P.A., Cleveland, for Defendant/Counter-Plaintiff/Appellee.

JES BEARD, Chattanooga, for Plaintiff/Counter-Defendant/Appellant.

**O P I N I O N**

Franks, J.

In this child custody dispute between the parents, the Trial Judge changed the custody from the mother to the father jointly with the paternal grandparents. The Judge directed that the children were not to be left alone with the father's girlfriend, and the children were not to spend the night with the father if the father and the girlfriend were staying together in the same household. The mother was granted visitation and ordered to pay child support.

Our review in child custody cases is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the trial court's finding, unless the preponderance of the evidence is otherwise. T.R.A.P. Rule 13(d).; *Hass v. Knighton,* 676 S.W.2d 554 (Tenn. 1984). Custody and visitation arrangements are "customarily left to the trial court's discretion." *Sherrod v. Wix*, 849 S.W.2d 780, 784 (Tenn. App. 1992). Therefore, appellate courts generally "give great weight to the decision of the Trial Judge who saw and heard the parties testify." *Rubin v. Kirshner*, 948 S.W.2d 742, 746 (Tenn. App. 1997); *see also Dailey v. Dailey*, 635 S.W.2d 391, 395 (Tenn. App. 1981).

The mother argues that it was error to award joint custody to the paternal grandparents, because that relief was not sought in the father's petition. It is error for a trial court to grant relief not sought in the pleadings, and in determining whether a judgment is beyond the scope of the pleadings, the pleadings are to be given a liberal construction with all reasonable intendments in favor of upholding the judgment. *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)*; John J. Heirigs Constr. Co. v. Exide,* 709 S.W.2d 604, 607 (Tenn. App. 1986). The error may be remedied by modifying the judgment of the trial court to conform with the relief requested in the pleadings. *See Fidelity-Phenix Fire Ins. Co. v. Jackson*, 181 Tenn. 453, 462-463, 181 S.W.2d 625, 629 (1944).

The father's petition only requested that he be awarded custody of the children. The mother had no notice that custody might be awarded to a third party, thus she could not be expected to offer proof on the appropriateness of that possibility. Accordingly, the portion of the judgment awarding joint custody to the grandparents is outside the scope of the pleadings and is reversed. However, the grant of custody to the father can be upheld, if there has been a material change in circumstances.

Before reaching the dispositive issue of custody, it is appropriate to

2

consider the issues raised as to the admissibility of evidence and procedure. At trial, the Trial Judge permitted the child's counselor to testify as to what the child had told the counselor which related to abuse. This testimony was hearsay. *See* Tenn.R.Evid. 803(c). The father argues that the Trial Court properly allowed in the hearsay testimony of the child because the statement about marijuana use in the mother's home pertains to allegations of abuse and neglect, and he relies on Rule 803(25). The Rule provides:

> Tenn. R. Evid. 803(25) provides for the following exception to the hearsay rule:
>
> **Children's Statements**. Unless the circumstances indicate lack of trustworthiness, statements about abuse or neglect made by a child alleged to be the victim of physical, sexual, or psychological abuse or neglect, offered in a civil action concerning issues of dependency and neglect pursuant to T.C.A. § 37-1-102(b)(10), issues concerning severe child abuse pursuant to T.C.A. § 37-1-102(b)(19), or issues concerning termination of parental rights pursuant to T.C.A. § 37-1-147(d).

The Rule is limited to civil actions concerning issues of dependency and neglect, severe child abuse, or termination of parental rights. The statutes cited in the Rule deal with placing children in protective custody. The Rule does not encompass a custody proceeding, unless parental custody is being terminated or limited by the state because of neglect or severe child abuse.[1] While the Trial Court admitted these hearsay statements, the error is harmless because the Trial Court did not consider that testimony in its decision. The Court expressly stated about the marijuana use, "I make no finding about that whatsoever because I consider those hearsay statements. And I do not hold that against the mother or any other party." The Court further said, "the

---

[1] As this Court has stated "the rule is limited to specific proceedings, namely dependency and neglect, severe child abuse, and termination of parental rights, and does not encompass the issue of custody. We are disinclined to expand the rule beyond that established by the legislature." *Beckner v. Zimmer*, No. 03A01-9602-DR-00060, 1996 LEXIS 682, *5 (Tenn. App. 1996).

testimony of the guidance counselor established that the party's son was emotionally disturbed by the relationship between the parents and by his inability to see his father. That was the only thing in her testimony that was really relevant."

Next, it is charged that the Trial Court erred in denying the mother the opportunity to review the notes of a witness to assist her counsel in cross-examination of that witness.

The counselor who testified had brought her notes with her, and the Trial Judge allowed the mother's counsel to examine the notes, but did not allow the mother to examine the notes during the trial. The mother argues that the notes were of the counselor's session with the son, and that the mother may have been able to make sense of the notes and therefore could assist her counsel in framing questions for cross-examination. The mother unquestionably could have had access to these notes during pre-trial discovery. She was aware that the witness had been counseling the son, and could be a witness at trial. However, there was no pre-trial discovery of this witness. The provision in the Rules of Evidence which allows for limited discovery during trial is Tenn. R. Evid. 612, which provides: "If a witness uses a writing while testifying to refresh memory for the purpose of testifying, an adverse party is entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." This rule would allow an adverse party, not just the party's counsel, to examine such a document, but the rule does not apply to these circumstances. The Rule applies when a writing is used to refresh a witness's recollection while that witness is testifying. The advisory comments to the rule state, "Only if a witness's memory requires refreshing should a writing be used by the witness. The direct examiner should lay a foundation for necessity, show the witness the writing, take back the writing, and ask the witness to testify from refreshed memory." That did not occur in this case. The notes were not

4

used to refresh the counselor's recollection. She had her notes with her, but they were not used during her testimony. She testified that she had used the notes to prepare a report. Her testimony was about the report, and the mother did have a copy of the report. We find no error in the Trial judges action.

Next, the mother insists the Trial Judge erred in refusing to consider evidence of the husband's physical abuse during their marriage.

It is clear from the Judge's comment that the violence of the father toward the mother was a factor the court considered in the original custody determination, but the issue in the modification proceeding was whether there were changed circumstances, and not a retrial of the divorce case. There was no evidence offered that the father had abused the children or any other person following the divorce, but the evidence reveals that the mother entered into another abusive marriage and that she exposed the children to a variety of people with criminal backgrounds.

In a modification proceeding, the Court does not need to repeat the comparative fitness analysis. Instead, it must find a "material change of circumstances that is compelling enough to warrant the dramatic remedy of changed custody." *Musselman v. Acuff,* 826 S.W.2d 920, 922 (Tenn. App. 1991); "Changed circumstances" includes "any material change of circumstances affecting the welfare of the child, including new factors or changed conditions which could not be anticipated by the custody order."*Blair v. Badenhope*, 940 S.W.2d 575, 576 (Tenn. App. 1996). The primary consideration in both the original custody award and in a modification of the custody award is to do what is in the best interests of the child. *Nichols v. Nichols,* 792 S.W.2d 713, 716 (Tenn. 1990); *Woodard v. Woodard*, 783 S.W.2d 188, 190 (Tenn. App., 1989). The father offered evidence on factors set forth in T.C.A. § 36-6-106(8)-(9), which are:

5

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child.

The Trial Judge concluded the evidence was compelling enough to warrant a change of custody, and we conclude the evidence does not preponderate against his determination. T.R.A.P. Rule 13(d). In this regard the Trial Court observed:

It's also very clear to the Court that the mother allowed an incredibly dangerous group of people to go in and out of her house. This is a completely unacceptable environment. It's poor judgment on her part. It shows no insight whatsoever. I mean, it was a list of just every kind of crime you could think of that would be harmful to children that was associated with some of the people coming through your home.

I could accept that maybe on - - in the case of this person or that person you might not have known everything. But I think you knew a great deal about some of these people. I find that any denial that you did not know about their conduct was just not believable. I just have never seen that many people with those kinds of records going through a house.

The Trial Court found material changes in circumstances due to the mother's assocation, and further found those circumstances placed the children in danger of physical and emotional harm. We concur in these findings.

While the Trial Court awarded custody to the father, it also provided that the children were not to be left alone with Kathy Adams until an appropriate investigation was completed and the matter revisited, and further the children were not stay the night with the father when he and Adams were staying together in the same household. We uphold that portion of the decree awarding custody of the children to the father, with the same limitations placed on that custody by the Trial Court.

We affirm the judgment of the Trial Court in part, as modified, and remand with the cost of the appeal assessed one-half to each party.

6

_____

_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Charles D. Susano, Jr., J.


7